EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Senior Assistant Attorney General
MICHAEL W. JORGENSON
Supervising Deputy Attorney General
JULIANNE MOSSLER, State Bar No. 243749
Deputy Attorney General
CYNTHIA C. FRITZ, State Bar No. 200147
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5793
 Fax: (415) 703-5843
 Email: Cynthia.Fritz@doj.ca.gov

Attorneys for Defendants Cate, Delgado, Evans, and
Olivarria

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| ANTHONY L. ROBINSON,<br><br>                              Plaintiff,<br><br>v.<br><br>ROGELIO DELGADO, et al.,<br><br>                              Defendants. | Case No. C 02-1538 CW (PR)<br><br>**DEFENDANTS' NOTICE OF MOTIONS AND MOTIONS *IN LIMINE***<br><br>Trial:           September 22, 2008<br>Time:          8:30 a.m.<br>Courtroom:  2<br>Judge:        Hon. Claudia Wilken |

**TO PLAINTIFF ANTHONY ROBINSON AND TO HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Defendants Cate, Delgado, Evans, and Olivarria

(Defendants) by and through their attorneys of record, move for orders (1) requiring that Plaintiff

be kept in restraints during trial, and (2) precluding Plaintiff from seeking punitive damages.

The following motions *in limine* are based upon this notice of motion and motion, the

supporting memorandum of points and authorities, the Court's file in this case, and any

arguments and evidence that may be presented at the hearing on this motion.

///

1    **1.    MOTION IN LIMINE NO. 1:   FOR PLAINTIFF TO BE RESTRAINED DURING TRIAL.**

2

3    **IT IS AN APPROPRIATE EXERCISE OF THE COURT'S DISCRETION TO ORDER THAT PLAINTIFF BE RESTRAINED DURING TRIAL.**

4

5    A district court has wide discretion to order an inmate shackled for trial. *Morgan v.*

6 *Bunnell*, 24 F.3d 49, 51 (9th Cir. 1994); *Wilson v. McCarthy*, 770 F.2d 1482, 1485 (9th Cir.

7 1985). In determining the appropriateness of restraints, a trial court must engage in a two-step

8 process to determine whether shackling is appropriate. First, compelling circumstances must

9 demonstrate that some measure is needed to maintain the security of the courtroom. *Morgan*, 24

10 F.3d at 51. Second, the court must pursue less restrictive alternatives before imposing physical

11 restraints. *Id.* If restraints are utilized but are not visible to the jury, no prejudice exists. *Parrish*

12 *v. Small*, 315 F.3d 1131 (9th Cir. 2003); *Duckett v. Godinez*, 109 F.3d 533 (9th Cir. 1997).

13    As shown below, Defendants believe that the safety of this Court, its personnel, jurors,

14 counsel and the public require that Plaintiff be restrained during his civil trial, but that

15 accommodations can be made that would eliminate any alleged prejudice to Plaintiff.

16    **1.    Compelling Circumstances Mandate that Plaintiff be Restrained.**

17    In exercising its discretion to restrain a party for trial, the Court must first determine that

18 "compelling circumstances" require the party's physical restraint. *Morgan*, 24 F.3d at 51. In

19 *Wilson*, the Ninth Circuit approved the use of shackles based upon the prisoner's prior

20 convictions for murder, robbery and burglary, combined with testimony that the prisoner

21 belonged to a prison gang and transported weapons within the prison. *Wilson*, 770 F.2d at 1485.

22    In the present matter, Plaintiff is a state prisoner serving a sentence of twenty-three years to

23 life following his conviction for one count of second degree murder with enhancements for use

24 of a firearm, and being a habitual criminal. (Ex. A.)

25    Since his initial incarceration, Plaintiff has been convicted of two counts of Battery on a

26 Peace Officer that occurred on January 5, 2000, for which he received six years. (Ex. B.)

27    Plaintiff is a Level IV or maximum security inmate in the California Department of

28 Corrections and Rehabilitation (CDCR), and he has an extensive history of being found guilty of

Defs.' Mots. *in Limine*                                           *Robinson v. Delgado, et al.*
                                                                     C 02-1538 CW (PR)

1    serious rules violations for conduct non-conforming with prison rules, including battery on a

2    peace officer. Since 1993, Plaintiff has been found guilty of thirty-three serious disciplinary

3    infractions. Of those thirty-three serious disciplinary infractions, fourteen involved physical

4    violence against prison staff or other inmates or the threat of physical violence. Most recently,

5    Plaintiff was found guilty of Mutual Combat, Willfully Resisting with Physical Force, and

6    Disrespect with Potential for Violence. (Ex. C.)

7        Plaintiff's convictions, his reckless disregard for the safety of others and his propensity for

8    instigating violent encounters with courtroom and correctional staff are all compelling

9    circumstances warranting that Plaintiff be physically restrained during trial in order to maintain

10   the safety of the Court, courtroom personnel, jurors, counsel and the public.

11       **2.    There Is No Less Drastic Alternative.**

12       Plaintiff's history of violent behavior leaves this Court few alternatives for maintaining

13   courtroom security. For instance, were an increased number of correctional personnel engaged to

14   guard Plaintiff, Defendants believe this could serve to draw even more attention to Plaintiff's

15   incarcerated status than discrete physical restraints. In that regard, accommodations can be

16   made, such as concealing Plaintiff's shackles from the view of the jury by curtains or a

17   tablecloth, or excusing jurors from the courtroom in instances when Plaintiff must move from the

18   counsel table. Such accommodations would serve to minimize any potential prejudice to

19   Plaintiff.

20       CDCR inmates in federal courts have been successfully restrained during trial, by waist-

21   restraints hidden under the inmate's clothing which secure the inmate to a special chair, as well

22   as by leg restraints secured to a heavy metal or concrete plate on the floor. In this case, both

23   counsel tables could be draped, so Plaintiff's restraints are not visible to the jury. This solution

24   would satisfy the need to restrain Plaintiff and keep the courtroom, court personnel, jurors,

25   counsel and the public secure, while eliminating any possible prejudice to Plaintiff. In addition,

26   Plaintiff's hands could remain free so that the only portion of his body visible to the jury would

27

28

Defs.' Mots. *in Limine*                                                    *Robinson v. Delgado, et al.*
                                                                            C 02-1538 CW (PR)

1  be unrestrained.[1/]

2  **CONCLUSION**

3  Defendants and CDCR believe that using the restraints described above on Plaintiff, which

4  allow him the free use of his hands, and conceal the restraints, will sufficiently protect Plaintiff's

5  rights, and at the same time satisfy CDCR's legitimate security interest in keeping him restrained,

6  thereby maintaining the safety of this Court, courtroom personnel, jurors and counsel.

7  Accordingly, Defendants respectfully request this Court issue an Order that Plaintiff be kept in

8  physical restraints at trial.

9  **2.    MOTION IN LIMINE NO. 2:  PLAINTIFF SHOULD NOT BE PERMITTED TO
       SEEK PUNITIVE DAMAGES BASED ON HIS FAILURE TO PROVIDE**

10  **DEFENDANTS WITH REASONABLE NOTICE THAT PUNITIVE DAMAGES
       WOULD BE SOUGHT.**

11

12  **1.  Punitive damages are not at issue in the operative complaint.**

13  All arguments, evidence and testimony regarding punitive damages should be excluded at

14  trial because Plaintiff failed to request punitive damages in his third amended complaint.  The

15  third amended complaint supercedes the original complaint, and second amended complaints,

16  and renders them of no legal effect, unless it incorporated by reference portions of the prior

17  pleadings. *King v. Dogan,* 31 F.3d 344, 346 (5th Cir. 1994); *Carver v. Condie,* 248 F.3d 915,

18  920 (7th Cir. 1999).  The Ninth Circuit has long held that claims in the original complaint that

19  are not re-alleged in the amended complaint are no longer before the court. *London v. Coopers &*

20  *Lybrand,* 644 F.2d 811, 814 (9th Cir. 1984).  Similarly, Plaintiff waives all causes of action

21  alleged in the original complaint which are not alleged in the amended complaint. *Marx v. Loral*

22  *Corp.,* 87 F.3d 1049, 1056 (9th Cir. 1996).

23  Here, Plaintiff's counsel filed a third amended complaint and failed to allege punitive

24  damages and did not incorporate Plaintiff's prior complaints.  Because of this, Defendants did

25

26  ───────────────────────────

1.  Should the Court wish to hear testimony from CDCR transportation officers regarding

27  possible methods of shackling during trial that are available, or that have been used in the past, prior
    to commencement of the trial, Defendants' counsel will facilitate providing that testimony at a time

28  designated by the Court.

Defs.' Mots. *in Limine*                                                    *Robinson v. Delgado, et al.*
                                                                                      C 02-1538 CW (PR)

4

1 | not file a summary judgment motion related to punitive damages.  Defendants are now

2 | prejudiced by Plaintiff's unnoticed request for punitive damages at the time of trial.

3 | **2. In the alternative, the issue of punitive damages should be bifurcated.**

4 | The Court should bifurcate the trial as to Plaintiff's claim for punitive damages.  Federal

5 | Rule of Civil Procedure 42(b) grants the Court discretion "in furtherance of convenience or to

6 | avoid prejudice" or in the interest of "expedition and economy" to order a separate trial of any

7 | issue.  Bifurcation would advance these causes.

8 | The decision to bifurcate a trial rests within the sound discretion of the trial court.  *Slaven v.*

9 | *BP America, Inc.*, 190 F.R.D. 649, 658, (C.D. Cal. 2000).  Furthermore, "it is clear that Rule

10 | 42(b) gives courts the authority to separate trials into liability and damages phases." *DeAnda v.*

11 | *City of Long Beach*, 7 F.3d 1418, 1421 (9th Cir. 1993).  Bifurcation may also aid in

12 | accomplishing an expeditious and economic trial by making unnecessary any trial of damages

13 | where liability issues are resolved in favor of the Defendants.  Bifurcation also avoids prejudice

14 | to the Defendants because they will not be required to unnecessarily disclose personal

15 | information to a convicted felon under his charge.  Similarly, bifurcation would not prejudice

16 | Plaintiff because he can still introduce evidence of Defendant's worth if he first proves liability.

17 | In fact, it is a well-established rule that evidence of a Defendant's net worth is inadmissible

18 | unless and until punitive liability is proven.  *Mid Continent Cabinetry, Inc. v. George Koch Sons,*

19 | *Inc.*, 130 F.R.D. 149, 152 (D. Kan. 1990).

20 | **CONCLUSION**

21 | Based on the foregoing, Defendants request that the Court issue an order precluding

22 | Plaintiff, his attorneys, and all witnesses in this case from mentioning or offering evidence

23 | regarding punitive damages.  Should the Court decide to allow punitive damages, Defendants

24 | ///

25 | ///

26 | ///

27 | ///

28 | ///

Defs.' Mots. *in Limine*                                      *Robinson v. Delgado, et al.*
C 02-1538 CW (PR)

1    request the opportunity to file a summary judgment motion regarding this issue and also request

2    the Court to bifurcate punitive damages at trial.

3          Dated: August 18, 2008

4                                                    Respectfully submitted,

5                                                    EDMUND G. BROWN JR.
                                                     Attorney General of the State of California
6
                                                     DAVID S. CHANEY
7                                                    Chief Assistant Attorney General

8                                                    ROCHELLE C. EAST
                                                     Senior Assistant Attorney General
9
                                                     MICHAEL W. JORGENSON
                                                     Supervising Deputy Attorney General
10
                                                     CYNTHIA C. FRITZ
11                                                   Deputy Attorney General

12

13                                                   JULIANNE MOSSLER
                                                     Deputy Attorney General
14                                                   Attorneys for Defendants Cate, Delgado,
                                                     Evans, and Olivarria

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defs.' Mots. *in Limine*                                        *Robinson v. Delgado, et al.*
                                                                C 02-1538 CW (PR)

# EXHIBIT A

REPORT — INDETERMINATE SENTENCE,
OR OTHER SENTENCE CHOICE

FORM CR 291

SUPERIOR COURT OF CALIFORNIA, COUNTY OF _____ LOS ANGELES
BRANCH _____ SOUTH CENTRAL

| COURT I.D. |
| 1 9 0 0 1 3 |

PEOPLE OF THE STATE OF CALIFORNIA versus
DEFENDANT: ROBINSON, ANTHONY LAWAYNE
AKA:

☒ PRESENT
☐ NOT PRESENT

| | CASE NUMBER (S) | |
| | TA007067 | - A |
| | | - B |
| | | - C |
| | | - D |
| | | - E |

REPORT OF: ☐ DEATH SENTENCE
☒ INDETERMINATE SENTENCE
☐ OTHER SENTENCE CHOICE

AMENDED
REPORT ☐

| DATE OF HEARING (MO) (DAY) (YR) 3/29/91 | DEPT. NO. SOC | JUDGE M. WATAI | CLERK WG DAVIS |
| REPORTER A. GARTNER | COUNSEL FOR PEOPLE M. GILMER | COUNSEL FOR DEFENDANT K FILER 987.2 | PROBATION NO. OR PROBATION OFFICER X-152186 |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES (OR ALTERNATE FELONY/MISDEMEANORS):
☐ ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT _____ (NUMBER OF PAGES)

| COUNT | CODE | SECTION NUMBER | CRIME | TOTAL CRIME | DATE OF CONVICTION | | | CONVICTED BY | | |
| | | | | | MO | DAY | YEAR | | | |
| 1 | PC | 187(a) ** | MURDER SECOND DEGREE | 90 | 2 | 21 | 91 | X | | |
| | PC | 12034(b) | PERMITTING ANOTHER SHOOTING FROM VEHICLE | | | | | | | |

2. ENHANCEMENTS (charged and found true) TIED TO SPECIFIC COUNTS (mainly in § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.
For each count list enhancements horizontally. DO NOT LIST enhancements charged but not found true or stricken under § 1385. DO NOT LIST TIME imposed.
For indeterminate terms, report enhancements and time imposed for them on the abstract.

| Count | Enhancement | Y or S | Enhancement | Y or S | Enhancement | Y or S | Enhancement | Y or S | Enhancement | Y or S |
| 1 | 12022(a)(2) | YES | | | | | | | | |

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) and OTHER.
List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under §667.5(b) list § 667.5(b) 2 times. DO NOT LIST enhancements not found true. Also either here any enhancement not provided for in space 2. DO NOT LIST TIME imposed.
For indeterminate terms, report enhancements and time for them on the abstract.

| Enhancement | Y or S | Enhancement | Y or S | Enhancement | Y or S | Enhancement | Y or S |
| 667(a) | YES | | | | | | |
| Enhancement | | Enhancement | | Enhancement | | Enhancement | |

4. ☐ Defendant was sentenced TO DEATH on counts _____

5. ☒ Defendant was sentenced to State Prison for an indeterminate term:
  A. ☒ For LIFE, or a term such as 15 or 25 years to life, WITH POSSIBILITY OF PAROLE on counts _____ 1
  B. ☐ For LIFE WITHOUT the possibility of parole on counts _____
  C. ☐ For other term prescribed by law on counts _____ . (Life Terms are on "A" and "B.")

6. ☐ Counts _____ are alternate felony/misdemeanors and were DEEMED MISDEMEANORS.
  A term in Jail ☐ was ☐ was not ordered.

7. ☐ For counts _____ the defendant was placed on FELONY probation.
  A. (1) ☐ Sentence pronounced and execution of sentence was suspended; or
    (2) ☐ Imposition of sentence was suspended.
  B. Conditions of probation included ☐ Jail Time ☐ Fine

8. ☐ Other dispositions
  A. ☐ Defendant was committed to California Youth Authority.
  B. ☐ Proceedings suspended, and defendant was committed to California Rehabilitation Center.
  C. ☐ Proceedings suspended, and defendant was committed as a Mentally Disordered Sex Offender.
  D. ☐ Proceedings suspended, and defendant was committed as mentally incompetent.

*See Nun Pro Tunc MO dated 6-4-97 enhancement 3 yrs. Total Term at 3*

NOTE 1:   PURSUANT TO ARTICLE VI, SECTION 6 OF THE CALIFORNIA CONSTITUTION AND SECTION 68505 OF THE GOVERNMENT CODE, THE CHIEF JUSTICE REQUIRES THAT EACH SUPERIOR COURT SHALL COMPLETE THIS FORM FOR EACH INDETERMINATE SENTENCE TO STATE PRISON OR SENTENCE CHOICE OTHER THAN STATE PRISON.
NOTE 2:   FOR DEATH SENTENCE OR INDETERMINATE SENTENCE, ABSTRACT OF JUDGMENT MUST ALSO BE PREPARED. IT IS NOT SENT TO THE ADMINISTRATIVE OFFICE OF THE COURTS (AOC).
NOTE 3:   IF DEFENDANT IS SENTENCED ON BOTH DETERMINATE AND INDETERMINATE COUNTS, FORM DSL 290 OR 290.1 MUST BE PREPARED AND SENT TO AOC AS WELL AS THIS FORM (AND AN ABSTRACT FOR INDETERMINATE COUNTS THAT IS NOT SENT TO AOC).

| DEPUTY'S SIGNATURE | DATE 4-1-91 |

REPORT — INDETERMINATE SENTENCE
FORM CR 291

Form Adopted by the

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**  DEPT.

Date: 4/1/91
HONORABLE: MADGE S. WATAI
D. MINCE JUDGE
Deputy Sheriff

2031-647

W.G. DAVIS, Deputy Clerk
A. GARNIER, Reporter
(Parties and counsel checked if present)

TA007067

PEOPLE OF THE STATE OF CALIFORNIA
VS
ROBINSON, ANTHONY LAWAYNE

Counsel for Plaintiff

Counsel for Defendant

DISTRICT ATTY. BY:
M. GILMER

, PUBLIC DEFENDER BY
K. FILER 987.2
DEPUTY

NATURE OF PROCEEDINGS PROBATION AND SENTENCE

(Boxes checked if order applicable)

PROBATION DENIED. SENTENCE AS INDICATED BELOW.
Whereas the said defendant having BEEN duly FOUND guilty in this court of the crime of MURDER, IN VIOLATION OF SECTION 187(a) PC, A FELONY, AS CHARGED IN COUNT 1 OF THE INFORMATION AND FURTHER FOUND IT TO BE MURDER IN THE SECOND DEGREE. THE ALLEGATION THAT IN THE COMMISSION AND ATTEMPTED COMMISSION OF THE ABOVE OFFENSE, SAID DEFENDANT, ROBINSON, ANTHONY LAWAYNE, PERSONALLY DID USE A FIREARM , WITHIN THE MEANING OF PENAL CODE SECTION 12022.5 IS TRUE.

It is Therefore Ordered, Adjudged and Decreed that the said defendant be punished by imprisonment in the State Prison.
TOTAL 15 YEARS TO PLUS 6 YEARS
PLUS 1 YEAR PURSUANT TO PENAL CODE SECTION 12022(a)(2)
PLUS 5 YEARS PURSUANT TO PENAL CODE SECTION 667(a)
*** TOTAL 21 YEARS

X Defendant is given credit for 416 days in custody.
It is further Ordered that the defendant be remanded into the custody of the Sheriff of the County of Los Angeles and delivered by him into the custody of the Director of Corrections at the California State Institution
☐ for Men at Chino, California
☐ for Women at Frontera, California

☐ Remaining count(s) dismissed in interests of justice.
☐ Bail exonerated.

ENTERED
4/1/91
JAMES H. DEMPSEY
COUNTY CLERK
AND CLERK OF THE
SUPERIOR COURT

2   76J805A (REV. 9/80) 9/80
C-109

**JUDGMENT**

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DEPT.   100

| | | | |
|---|---|---|---|
| Date: | June 4, 1997 | | |
| Honorable: | John H. Reid | Judge | J. Bartolini | Deputy Clerk |
| | none | Bailiff | none | Reporter |

| TA007067-01 | (Parties and Counsel checked if present) |
|---|---|
| People of the State of California | Counsel for People: |
| vs | DEPUTY DISTRICT ATTY: |
| 01 Robinson, Anthony Lawayne (NP) | Counsel for Defendant: |
| | No appearances |

Nature of Proceedings

Exparte Nunc Pro Tunc Order

The Court has received, read and considered the Letter from the Department of Corrections dated March 13, 1997, regarding the above entitled case, and makes the following order:

It appearing to the Court that through inadvertence and clerical error, the nunc pro tunc minute order in the above entitled action dated March 29, 1991 does not reflect the correct sentencing range, said order is ordered corrected nunc pro tunc as of March 29, 1991 as follows:

Line 76:
delete the sentence of "**one year**" pursuant to Penal Code section 12022a(2);

and insert in place the sentence of "**Three years**" pursuant to Penal Code section 12022a(2).

All other orders shall remain in full force and effect.

The Clerk's Office is directed to prepare an Amended Abstract of Judgment to reflect the above order.

A true copy of this minute order is sent via U.S. Mail, as follows:

**Department of Corrections
Legal Processing Unit
P.O. Box 942883
Sacramento, CA 94283-0001
    Attn: Linda Hyder**

| Minutes Entered |
|---|
| 6/4/97 |

# EXHIBIT B

ABSTRACT JUDGMENT – PRISON COMMITMENT – DETERMINATE

*[NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-290 ATTACHED]*

CR-290

| ☒ SUPERIOR | COURT OF CALIFORNIA, COUNTY OF Monterey |
| ☐ MUNICIPAL | BRANCH OR JUDICIAL DISTRICT    Salinas |

**FILED**

DEC 1 0 2001

SHERRI L. PEDERSEN
CLERK OF THE SUPERIOR COURT
_____ DEPUTY

| PEOPLE OF THE STATE OF CALIFORNIA vs. | | | | |
| DEFENDANT: Robinson, Anthony LaWayne | DOB: 06-18-66 | SS000884a | -A | |
| AKA: | | | -B | |
| CII# A07876402 | | | | |
| BOOKING #: | ☐ NOT PRESENT | | | |
| COMMITMENT TO STATE PRISON ABSTRACT OF JUDGMENT | ☐ AMENDED ABSTRACT | | -D | |

| DATE OF HEARING 11-29-01 | DEPT. NO. 2 | JUDGE Wendy C. Duffy |
| CLERK Deanna Deruosi | REPORTER Tina Gorrell #4286 | PROBATION NO. OR PROBATION OFFICER Immediate Sentencing |
| COUNSEL FOR PEOPLE Chuck Olvis | | COUNSEL FOR DEFENDANT Fred Herro    ☒ APPT'D. |

1. Defendant was convicted of the commission of the following felonies:

☐ Additional counts are listed on attachment
____ (number of pages attached)

| CNT. | CODE | SECTION NO. | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO/DAY/YEAR) | CONVICTED BY | | | TERM (L/L/L) | CONFINEMENT | CONSECUTIVE 1/3 VIOLENT | CONSECUTIVE 1/3 NON-VIOLENT | CONSECUTIVE FULL TERM | INCOMPLETE SENTENCE 1170.1(e) | 654 STAY | PRINCIPAL OR CONSECUTIVE TIME IMPOSED | |
| | | | | | | JURY | COURT | PLEA | | | | | | | | YRS | MOS |
| 1 | PC | 4501.5 | Battery by Prisoner | 2000 | 11-29-01 | | X | | M | | | | | | | 6 | 0 |
| 2 | PC | 4501.5 | Battery by Prisoner | 2000 | 11-29-01 | | X | | M | X | | | | | | (6) | (0) |
| | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST enhancements stricken under PC 1385.

| CNT. | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTION OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST enhancements stricken under PC 1385.

| ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

4. ☒ Defendant was sentenced pursuant to PC 667 (b)–(i) or PC 1170.12 (two-strikes).

5. INCOMPLETED SENTENCE(S) CONSECUTIVE

| COUNTY | CASE NUMBER |
| | |
| | |
| | |

6. | TOTAL TIME ON ATTACHED PAGES: | |

7. ☐ Additional indeterminate term (see CR-292).

8. | TOTAL TIME: | 6 | 0 |

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for determinate sentences. Attachments may be used but must be referred to in this document. (Complete this as required.)

I HEREBY CERTIFY THAT THE FOREGOING DOCUMENT IS A TRUE COPY OF THE ORIGINAL ON FILE IN MY OFFICE.
Judicial Council of California
Date: (Rev. January 1, 1999)    12-10-01

SHERRI L. PEDERSEN, CLERK OF THE SUPERIOR COURT
BY _____ DEPUTY

**ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE**
*[NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-290 ATTACHED]*

Penal Code
§§ 1213, 1213.5

PEOPLE OF THE STATE OF CALIFORNIA vs.
DEFENDANT: **Robinson, Anthony LaWayne**

| SS000884a | -A | -B | -C | -D |
|---|---|---|---|---|

FINANCIAL OBLIGATIONS (including any applicable penalty assessments):
a.  RESTITUTION FINE of: $1200 per PC 1202.4(b) forthwith per PC 2085.5.
b.  RESTITUTION FINE of: $1200 per PC 1202.45 suspended unless parole is revoked.
c.  RESTITUTION of: $_____ per PC 1202.4(f) to ☐ victim(s)* ☐ Restitution Fund
    (*List victim name(s) if known and amount breakdown in item 11, below.)
    (1) ☐ Amount to be determined.
    (2) ☐ Interest rate of: ___% (not to exceed 10% per PC 1202.4(f)(3)(F)).
d.  ☐ LAB FEE of: $_____ for counts: _____ per H&SC 11372.5(a).
e.  ☐ DRUG PROGRAM FEE of $150 per H&SC 11372.7(a).
f.  ☐ FINE of $___ per PC 1202.5.

0.  TESTING
a.  ☐ AIDS pursuant to ☐ PC 1202.1 ☐ other (specify):
b.  ☐ DNA pursuant to ☐ PC 290.2 ☐ other (specify):

11.  Other orders (specify):
Pay restitution if any to Officer R.D. McGowan and Officer K. Trotta through the Department of Corrections.

To be served consecutively with current confinement at Salinas Valley State Prison

12.  Execution of sentence imposed
a.  ☒ at initial sentencing hearing.
b.  ☐ at resentencing per decision on appeal.
c.  ☐ after revocation of probation.
d.  ☐ at resentencing per recall of commitment. (PC 1170(d).)
e.  ☐ other (specify):

13.  CREDIT FOR TIME SERVED

| CASE NUMBER | | TOTAL CREDITS | ACTUAL | LOCAL CONDUCT | |
|---|---|---|---|---|---|
| SS000884a | -A | -0- | -0- | -0- | ☒ 4019 ☐ 2933.1 |
| | -B | | | | ☐ 4019 ☐ 2933.1 |
| | -C | | | | ☐ 4019 ☐ 2933.1 |
| | -D | | | | ☐ 4019 ☐ 2933.1 |

| DATE SENTENCE PRONOUNCED: 11-25-01 | SERVED TIME IN STATE INSTITUTION: ☐ DMH | ☐ CDC | ☐ CRC |
|---|---|---|---|

14.  The defendant is remanded to the custody of the sheriff ☐ forthwith ☐ after 48 hours excluding Saturdays, Sundays, and holidays.

To be delivered to ☐ the reception center designated by the director of the California Department of Corrections.
☒ other (specify): Salinas Valley State Prison

## CLERK OF THE COURT

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE Deanna Deruosi | DATE 12-05-01 |
|---|---|

CR-290 (Rev. January 1, 1999)    ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE    Page 1

# EXHIBIT C

Disciplinary Sheet

CDC 115's

| Date | Violation | Instituion | Disposition |
|------|-----------|------------|-------------|
| 12-10-07 | 3005c | SVSP | MUTUAL COMBAT; GUILTY ASSESSED 90 DAYS FOC, 30 30 DAYS 'C' STATUS. |
| 12-19-07 | 3005c | SVSP | WILLFULLY RESISTING/ PHYSICAL FORCE. GULTY OF WILLFULLY RESISTING P/O. 61 DAYS FOC, 30 DAYS LOSS OF PRIVILEDGES, PLACED ON 'C' STATUS FRO. 1-23-08 TO 2-22-08 |
| 5-2-08 | 300b | SVSP | DISRESPECT W/POTENTIAL FOR VIOLENCE. GUILTY. 30 DAYS FOC. |

DISCIPLINARY SHEET

# **CDC-115'S**

| DATE | VIOLATION | INSTITUTION | DISPOSITION |
|------|-----------|-------------|-------------|
| 08/19/05 | 3005/B | SAC | REFUSING TO RELINQUISH FOOD TRAY;<u>NOT GUILTY</u>; INMATE WAS ASSESSED 0 DAYS FORFEITURE OF CREDITS DUE TO LOSS OF TIME CONSTRAINTS. INMATE WAS COUNSELED, WARNED, AND REPRIMANDED. |
| 08/19/05 | 3005/B | SAC | REFUSING TO RELINQUISH FOOD TRAY;<u>GUILTY</u>; INMATE WAS ASSESSED 30 DAYS LOSS OF CREDIT FORFEITURE UNDER A DIVISION F OFFENSE. INMATE WAS COUNSELED AND REPRIMANDED. |
| 1/04/05 | 3005/B | HDSP-IV | WILLFULLY OBSTRUCTING A PEACE OFFICER;<u>GUILTY</u>; INMATE WAS ASSESSED 90 DAYS LOSS OF CREDIT FOR A DIVISION D OFFENSE. INMATE IS RESTRICTED FROM YARD ACCESS FOR 10 DAYS, STARTING ON 3/15/05 AND ENDING 3/25/05. |
| 10/05/04 | 3005/C | HDSP-IV | REFUSING A DIRECT ORDER;<u>GUILTY</u>; INMATE WAS ASSESSED 30 DAYS LOSS OF CREDIT FOR A DIVISION F OFFENSE. INMATE WAS ASSESSED 10 DAYS LOSS OF YARD PRIVILEGES 11/13/04 THROUGH 11/23/04. INMATE WAS COUNSELED AND REPRIMANDED. |
| 07/12/04 | 3005/C | HDSP-IV | THREATENING TO CAUSE SERIOUS BODILY INJURY TO AN INMATE;<u>GUILTY</u>; INMATE WAS ASSESSED 90 DAYS LOSS OF CREDIT FOR A DIVISION D OFFENSE. INMATE WAS COUNSELED AND VERBALLY REPRIMANDED FOR HIS BEHAVIOR. |
| 06/29/04 | 3005/B | HDSP-IV | WILLFULLY DELAYING A PEACE OFFICER IN THE PERFORMANCE OF DUTIES;<u>GUILTY</u>; INMATE WAS ASSESSED 90 DAYS LOSS OF CREDIT FOR A DIVISION D OFFENSE. INMATE WAS RESTRICTED FROM YARD PRIVILEGES FOR 10 DAYS, STARTING 8/03/04, AND |

**ROBINSON**               **E91884**               **SVSP IV**

DISCIPLINARY SHEET

| | | | |
|---|---|---|---|
| | | | CONTINUING THROUGH 08/12/04. INMATE WAS DENIED CANTEEN PRIVILEGES FOR 90 DAYS STARTING 08/03/04 THROUGH 11/03/04. |
| 05/20/04 | 3005/C | HDSP-IV | INCITING;**NOT GUILTY**;**GUILTY** TO THE LESSER CHARGE OF ACTS OF DISRESPECT WHICH BY REASON OF INTENSITY CREATES A POTENTIAL FOR VIOLENCE, A DIVISION F OFFENSE, WHICH IS PROHIBITED. |
| 04/18/04 | 3005/B | HDSP-IV | REFUSING A DIRECT ORDER;**GUILTY**; INMATE WAS ASSESSED 30 DAYS LOSS OF CREDIT FOR A DIVISION F OFFENSE. |
| 03/29/04 | 3005/B | HDSP-IV | OBEYING ORDERS/WINDOW COVERINGS;**GUILTY**; INMATE WAS ASSESSED 30 DAYS LOSS OF CREDIT FOR THE DIVISION F OFFENSE, ASSESSED 90 DAYS LOSS OF ALL DAYROOM PRIVILEGES BEGINNING 05/01/04, AND CONTINUING THROUGH 07/31/04. INMATE WAS REPRIMANDED AND COUNSELED ON FUTURE PROGRAM EXPECTATIONS. |
| 03/25/04 | 3005/B | HDSP-IV | REFUSING A DIRECT ORDER;**GUILTY**; INMATE WAS ASSESSED 30 DAYS LOSS OF CREDIT FOR A DIVISION F OFFENSE. INMATE WAS DENIED CANTEEEN ACCESS FOR 30 DAYS TO BEGIN ON THE DATE OF THIS HEARING, AND TO CONTINUE THROUGH 05/26/04. INMATE WAS COUNSELED AND REPRIMANDED. |
| 03/24/04 | 3005/A | HDSP/IV-C | REFUSING A DIRECT ORDER;**GUILTY**; INMATE WAS ASSESSED 30 DAYS LOSS OF CREDIT FOR A DIVISION F OFFENSE. |
| 02/26/04 | 3005/B | HDSP-IV | RESISTING STAFF;REQ, PHYSICAL FORCE;**GUILTY**; INMATE WAS ASSESSED 90 DAYS LOSS OF CREDIT FOR A DIVISION D OFFENSE. INMATE WAS RESTRICTED FROM YARD PRIVILEGES FOR 90 DAYS, STARTING 04/05/04 AND CONTINUING THROUGH 06/25/04. INMATE CONFINED TO QUARTERS AS PROVIDED IN CCR TITLE 15 SECTION 3333, FOR 5 OF HIS WEEK-ENDS FOR A TOTAL OF 10 DAYS STARTING 03/27/04 THROUGH |

**ROBINSON**                          **E91884**                          **SVSP  IV**

DISCIPLINARY SHEET

|  |  |  | 04/25/04, TO BE ONLY RELEASED TO WORK AND CLASSIFIED PROGRAM ACTIVITIES. |
|---|---|---|---|
| 01/13/04 | 3005/C | HDSP-IV | THREATENING STAFF;**DISMISSED**; **GUILTY** TO THE CHARGE OF WILLFULLY DELAYING A PEACE OFFICER IN PERFORMANCE OF DUTY. INMATE WAS ASSESSED 90 DAYS LOSS OF CREDIT FOR A DIVISION D OFFENSE. INMATE WAS COUNSELED AND REPRIMANDED AND REFERRED TO INITITAL CLASSIFICATION COMMITTEE FOR PROGRAM REVIEW. |
| 04/30/03 | 3005/B | SAC | DISOBEYING A DIRECT ORDER;**GUILTY**; INMATE ASSESSED 10 DAYS LOSS OF YARD FROM 04/30/03 TO 05/09/03 WITH CREDIT FOR 10 DAYS TIME SERVED.  INMATE COUNSELED AND REPRIMANDED. |
| 11/10/02 | 3005/B | SAC | REFUSING TO RELINQUISH FOOD TRAY;**GUILTY**; INMATE ASSESSED 0 DAYS CREDIT FORFEITURE UNDER A DIVISION F OFFENSE.  INMATE COUNSELED AND REPRIMANDED. |
| 11/10/02 | 3005/B | SAC | REFUSING TO RELINQUISH FOOD TRAY;**GUILTY**; INMATE ASSESSED 0 DAYS CREDIT FORFEITURE UNDER A DIVISION F OFFENSE.  INMATE COUNSELED AND REPRIMANDED. |
| 07/23/02 | 3005/C | CSP-SAC | BATTERY ON A PEACE OFFICER W/O SBI;**GUILTY**; INMATE WAS ASSESSED 0 DAYS OF CREDIT FORFEITURE  FOR A DIVISION B OFFENSE.  INMATE COUNSELED AND REPRIMANDED, REFERRED TO ICC FOR REVIEW OF PROGRAM AND CUSTODY. |
| 07/23/02 | 3005/C | CSP-SAC | BATTERY ON A PEACE OFFICER W/O SBI;**GUILTY**; INMATE WAS ASSESSED 0 DAYS OF CREDIT FORFEITURE FOR A DIVISION B OFFENSE. INMATE WAS COUNSELED AND REPRIMANDED. |
| 07/23/02 | 3005/C | CSP-SAC | BATTERY ON A PEACE OFFICER W/O SBI;**GUILTY**; INMATE ASSESSED 0 DAYS LOSS OF CREDIT DUE TO TIME CONSTRAINTS. |

**ROBINSON**                    **E91884**                    **SVSP  IV**

DISCIPLINARY SHEET

INMATE COUNSELED AND REPRIMANDED.

√ 07/23/02    3005/B    CSP-SAC    REFUSAL TO PARTICIPATE IN THE HOUSING PROGRAM;**GUILTY**; INMATE ASSESSED 0 DAYS LOSS OF CREDIT FORFEITURE FOR A DIVISION F OFFENSE.  INMATE WAS COUNSELED AND REPRIMANDED.

10/14/01    3005/B    SVSP    REFUSING A COMPATIBLE CELLMATE;**GUILTY**; INMATE WAS ASSESSED 90 DAYS FORFEITURE OF CREDITS IN ACCORDANCE WITH A DIVISION D OFFENSE.

03/25/01    3005/B    SVSP    WILLFULLY RESISTING A PEACE OFFICER;**GUILTY**; INMATE ASSESSED 0 DAYS BEHAVIORAL CREDITS FORFEITURE, ASSESSED 90 DAYS LOSS OF PRIVILEGES. LOP IS SUSPENDED PENDING INMATE REMAIN DISCIPLINE FREE FOR 90 DAYS. SHALL INMATE RECEIVE A CDC-115 WITHIN THE 90 DAYS, THE LOP WILL BE RE-INSTATED ON THE DATE OF THE 115.  INMATE COUNSELED, WARNED AND REPRIMANDED, CONCERNING FUTURE BEHAVIORAL EXPECTATIONS.

11/01/00    3005/B    SVSP    WILLFULLY OBSTRUCTING A PEACE OFFICER;**GUILTY**; INMATE ASSESSED 90 DAYS FORFEITURE OF CREDIT IN ACCORDANCE WITH A DIVISION D OFFENSE. INMATE COUNSELED, WARNED AND REPRIMANDED.

05/17/00    3005/B    SVSP    WILLFULLY OBSTRUCTING A PEACE OFFICER;**GUILTY**; INMATE ASSESSED 90 DAYS LOSS OF CREDIT FORFEITURE IN ACCORDANCE WITH A DIVISION D OFFENSE. INMATE COUNSELED, WARNED AND REPRIMANDED.

01/05/00    3005/C    SVSP    BATTERY ON A PEACE OFFICER;**GUILTY**; INMATE ASSESSED 150 DAYS FORFEITURE OF BEHAVIOR CREDITS.  REFERRED TO ICC FOR POSSIBLE SHU ASSESSMENT; ATTEMPTED TO COUNSEL, WARN AND

**ROBINSON**          **E91884**          **SVSP  IV**

DISCIPLINARY SHEET

|  |  |  | REPRIMAND REGARDING BEHAVIOR EXPECTATIONS AND THE NECESSITY TO OBEY RULES AND REGULATIONS. INMATE WAS VERY UNRECEPTIVE TO COUNSEL. |
|---|---|---|---|
| 12/09/97 | 3005/C | SVSP | MUTUAL COMBAT NECESSITATING THE USE OF PR-24;**GUILTY**; INMATE ASSESSED 0 DAYS OF CREDIT FORFEITURE DUE TO TIME CONSTRAINTS NOT BEING MET. ASSESSED 90 DAYS LOSS OF PRIVILIGES FROM 01/24/98 THROUGH 03/24/98. ASSESSED 40 HOURS EXTRA DUTY UNDER THE SUPERVISION OF OFFICER R.LUNA, TO BE COMPLETED BY 02/07/98. INMATE WAS COUNSELED, WARNED AND REPRIMANDED. |
| 02/15/97 | 3001 | CSP-COR | DISOBEYING SHU SECURITY PROCEDURES;**GUILTY**; REDUCED TO ADMINISTRATIVE LEVEL. INMATE ASSESSED 30 DAYS LOSS OF T.V, RADIO AND CANTEEN PRIVILEGES, COMMENCING ON 03/12/97 AND CONCLUDING ON THE MORNING OF 04/12/97. INMATE COUNSELED AND REPRIMANDED. |
| 08/13/96 | 3005/B | CCI-IVB | NOT LEAVING LIBRARY WHEN ORDERED;**GUILTY**; INMATE COUNSELLED AND REPRIMANDED WITH REGARD TO HIS EXPECTATIONS OF BEHAVIOR TOWARDS STAFF. |
| 04/28/96 | 3016 | CCI-IVB | POSSESSION/MANUFACTURE OF ALCOHOL;**GUILTY**; INMATE ASSESSED 120 DAYS FORFEITURE OF CREDITS FOR A DIVISION C OFFENSE. ASSESSED 90 DAYS LOSS OF PRIVILEGES INITIATING ON JUNE 3, 1996, AND TERMINATING ON SEPTEMBER 1, 1996. NO MAIN YARD ON WEEKENDS; NO SPECIAL CANTEEN PURCHASES; NO WEIGHT PILE. |
| 12/03/93 | 3005/C | CSP-CAL | ASSAULT ON STAFF;**GUILTY**; INMATE ASSESSED 180 DAYS LOSS OF CREDIT FOR A DIVISION B OFFENSE. |
| 10/20/93 | 3004/B | CSP-CAL | SEXUAL LANGUAGE;**GUILTY**; INMATE ASSESSED 30 DAYS LOSS OF CREDIT/REFER |

**ROBINSON**               **E91884**                    **SVSP IV**

DISCIPLINARY SHEET

## CUSTODIAL COUNSELING

| DATE | INSTITUTION | VIOLATION |
|------|-------------|-----------|
| 05/25/00 | SVSP | REFUSING A COMPATIBLE CELLMATE. |
| 03/29/01 | SVSP | AGGRESSIVE BEHAVIOR. |
| 08/14/01 | SVSP | REFUSAL TO COMPACT. |
| 09/03/01 | SVSP | DISRESPECTFUL BEHAVIOR AT THE MONTEREY COUNTY COURT HOUSE. |
| 07/20/02 | CSP-SAC | REFUSAL OF DIRECT ORDERS TO PARTICIPATE IN DOUBLE-CELLING. |
| 09/03/02 | CSP-SAC | POSSESSION OF ILLEGAL CONTRABAND. |
| 03/15/04 | HDSP-IV | REFUSAL OF DIRECT ORDERS TO REMOVE WINDOW COVERINGS ON HIS CELL WINDOW. |
| 02/20/92 | | REFUSING TO LOCK UP. |
| 04/05/93 | | LOSS OF YARD PRIVILIGES. |

ROBINSON                     E91884                     SVSP IV

DISCIPLINARY SHEET

|  |  |  | TO ICC FOR CONFIRMATION OF CREDIT LOSS/COUNSELLED AND REPRIMANDED AT LENGTH ON HIS LACK OF RESPECT TOWARD FEMALE STAFF. |
|---|---|---|---|
| 09/22/93 | 3005/C | CSP-CAL | INVOLVEMENT IN PHYSICAL ALTERCATION;**GUILTY**; INMATE ASSESSED 30 DAYS LOSS OF CREDIT-REFER TO UCC- 10 DAYS CTQ CREDIT FOR TIME SERVED. |
| 06/30/93 | 3006/A | CSP-CAL | POSSESSION OF I/M MANUFACTURED WEAPONS;**GUILTY**; INMATE ASSESSED 10 DAYS CTQ CREDIT FOR TIME SERVED IN AD/SEG.  0 DAYS LOSS OF CREDIT.  REFER TO UNIT CLASSIFICATION COMMITTEE FOR CONFIRMATION ICC FOR APPROPRIATE HOUSING.INMATE COUNSELED AND REPRIMANDED. |
| 03/29/93 | 3005/B | CSP/CAL | FAILURE TO LAY IN A PRONE POSITION;**GUILTY**; INMATE ASSESSED 30 DAYS WTCL .  ASSESSED 90 DAYS LOSS OF YARD PRIVILEGES AND 90 DAYS LOSS OF DAYROOM PRIVILEGES.  LOSS OF DAYROOM PRIVILIGES EFFECTIVE 04/05/93 THROUGH 07/04/93.  LOSS OF YARD PRIVILEGES EFFECTIVE 04/05/93 THROUGH 07/04/93 TO RUN CONCURRENT. |
| 02/26/93 | 3004/B | CSP/CAL | DISRESPECT TOWARDS STAFF;**GUILTY**; INMATE ASSESSED 30 DAYS LOSS OF WTCL. ASSESSED 30 DAYS LOSS OF YARD EFFECTIVE 03/15/93 THROUGH 04/15/93. ASSESSED 10 DAYS CONFINED TO QUARTERS EFFECTIVE 03/10/93 THROUGH 04/10/93. |
| 11/15/92 | 3005/B | CSP-CAL | REFUSING A DIRECT ORDER;**GUILTY**; INMATE ASSESSED 30 DAYS LOSS OF CREDIT. INMATE COUNSELLED AND REPRIMANDED. |
| 09/29/92 | 3004/B | CAL | DISRESPECT TOWARDS STAFF;**GUILTY**; INMATE ASSESSED 30 DAYS LOSS OF WORK TIME CREDITS. |

DISCIPLINARY SHEET

04/05/93                        LOSS OF DAYROOM PRIVILIGES.

03/09/93                        10 DAYS CONFINED TO QUARTERS STATUS.

03/09/93                        LOSS OF YARD PRIVILIGES.

09/16/95        PBSP            REFUSAL TO LOCK UP.

11/26/95        PBSP            LYING ABOUT IDENTITY.

02/14/97                        REFUSAL TO OBEY ORDERS REGARDING REMOVAL OF
                                ITEMS HANGING IN THE CELL.



ROBINSON                    E91884                    SVSP IV