1  COOLEY GODWARD KRONISH LLP
   THOMAS J. FRIEL, JR. (80065) (tfriel@cooley.com)
2  JAMES DONATO (146140) (jdonato@cooley.com)
   ANGELA L. DUNNING (212047) (adunning@cooley.com)
3  ERIN DOMINGUEZ (252954) (edominguez@cooley.com)
   101 California Street, 5th Floor
4  San Francisco, CA  94111-5800
   Telephone:    (415) 693-2000
5  Facsimile:    (415) 693-2222

6  Attorneys for Plaintiff
   ANTHONY L. ROBINSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ANTHONY L. ROBINSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ROGELIO DELGADO *et al.*,<br><br>　　　　　　Defendants. | Case No.  C02-1538 CW (PR)<br><br>**PLAINTIFF ANTHONY ROBINSON'S MOTIONS IN LIMINE**<br><br>Trial Date: September 22, 2008<br>Place:　　　Courtroom 2<br>Judge:　　　Honorable Claudia Wilken |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ROBINSON'S MOTIONS IN LIMINE
C02-1538 CW (PR)

Pursuant to paragraph 3(f) of the Court's Order for Pretrial Preparation, plaintiff Anthony Robinson ("Robinson") respectfully requests that the Court grant the following Motions in Limine prior to the commencement of trial:

## I. MOTION IN LIMINE NO. 1: TO EXCLUDE ROBINSON'S PRIOR CRIMINAL CONVICTIONS

Robinson moves to exclude all evidence and testimony of his prior criminal convictions for all purposes, including impeachment. The convictions Robinson seeks to exclude consist of: (1) a 1991 conviction for second-degree murder, for which he is currently incarcerated; (2) a 1983 conviction for involuntary manslaughter; and (3) a 2001 conviction for battery.

### A. Evidence of Robinson's convictions should be excluded as irrelevant.

Evidence is relevant only if it tends to make the existence of any fact of consequence to the determination of the action more or less probable than it would be without the evidence. Fed. R. Evid. 401.[1] Robinson brings civil rights claims against the defendants based on the conditions of his confinement. The fact that he has been convicted of a crime will become obvious to the jury during trial because Robinson will be testifying to events that occurred during his incarceration. Any additional information regarding any of his convictions does not tend to make more or less probable the existence of any fact of consequence to the resolution of his claims. That is, there is no relevant probative value of such evidence toward Robinson's claims that the defendants used excessive force against him, or deprived him of certain religious rights, including the right to a kosher diet and the right to access the prison chapel. Therefore, evidence of Robinson's prior convictions is irrelevant and inadmissible pursuant to Rules 401 and 402. *United States v. Powell,* 587 F.2d 443, 448 (9th Cir. 1978) ("The basic criterion is that the evidence of other crimes must be relevant to prove an issue in the case"); *United States v. Pavon*, 561 F.2d 799, 802 (9th Cir. 1977) (direct and indirect evidence of prior criminal conviction not admissible where not relevant).

///

///

---

[1] All further references to rules are to the Federal Rules of Evidence unless otherwise indicated.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1.

ROBINSON'S MOTIONS IN LIMINE
C02-1538 CW (PR)

**B.  Evidence of Robinson's convictions should be excluded as inadmissible character evidence.**

The convictions should be excluded as inadmissible character evidence under Rule 404(b). The only purpose for introducing the convictions would be to taint the jury with the impression that Robinson has a character for violence and that he must have acted in conformity therewith during the incident giving rise to his excessive force claim. Such evidence is wholly inadmissible. *See, e.g., United States v. Brown*, 880 F.2d 1012, 1014 (9th Cir. 1989) ("evidence of . . . prior crimes or wrongful acts may not be introduced to show . . . bad character").

**C.  Robinson's convictions should be excluded as unfairly prejudicial.**

The convictions should also be excluded pursuant to Rule 403 because they are highly prejudicial and have little or no probative value. Robinson's 1983 and 1991 convictions are 25 and 17 years old, respectively. Moreover, he was a juvenile when he was convicted in 1983. Robinson's conviction for battery in 2001 occurred after a confrontation with correctional officers. In his original complaint in this action, Robinson alleged that the officers used excessive force against him in retaliation for filing prison appeals requesting a kosher diet and asserting other religious claims. Given the similarity between that incident and the March 25, 2001 incident giving rise to this action, the fact of Robinson's conviction in 2001 would be highly prejudicial and should be excluded.

**D.  Evidence of Robinson's convictions cannot be used for impeachment.**

Under Rule 609(b), Robinson's 1983 conviction for involuntary manslaughter is time-barred because it is over ten years old, and its probative value does not substantially outweigh its prejudicial effect. *Powell v. Levit*, 640 F.2d 239 (9th Cir. 1981)(holding that the trial court improperly admitted evidence of civil rights plaintiff's 1962 conviction for burglary); *United Stated v. Lorenzo,* 43 F.3d 1303, 1308 (9th Cir. 1995) (upholding exclusion of 10-year-and-five month old felony conviction).

In addition, all of Robinson's convictions should be excluded under Rule 609(a)(1) because they are not probative of any issue in this case and they will unfairly prejudice Robinson in the eyes of the jury. Moreover, as none of his convictions involves a crime bearing on

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.

ROBINSON'S MOTIONS IN LIMINE
C02-1538 CW (PR)

1  veracity, they are not probative of Robinson's credibility and are not admissible under Rule
2  609(a)(2). Accordingly, the defense should not be permitted to impeach Robinson with evidence
3  of his convictions.

4  **II.  MOTION IN LIMINE NO. 2: TO EXCLUDE ROBINSON'S PRISON DISCIPLINARY RECORD**

5  Robinson moves to exclude all evidence and testimony of his prison disciplinary record
6  for all purposes, including impeachment. Among other things, these records contain evidence of
7  Robinson's refusal to return a food tray because a prison official had served him meat, disobeying
8  orders of officers, and allegations that he assaulted staff. Many of the disciplinary violations are
9  over 10 years old.

10  **A.  Robinson's Disciplinary Record Constitutes Inadmissible Character Evidence.**

12  Defendants' sole purpose in seeking to introduce evidence of Robinson's disciplinary
13  records is to demonstrate conduct in conformity with his disciplinary history during the occasions
14  at issue in this litigation. Rule 404(b) prohibits the admission of evidence of bad acts offered
15  merely to prove bad character or conformance with that character on a given occasion. *United*
16  *States v. Brown*, 880 F.2d 1012,1014 (9th Cir. 1989) (holding that the trial court abused discretion
17  in admitting prior wrongful acts in violation of Rule 404(b)). This rule reflects the judgment of
18  the Advisory Committee on Rule 404 that "Character evidence is of slight probative value and
19  may be very prejudicial. It tends to distract the trier of fact from the main question of what
20  actually happened on the particular occasion. It subtly permits the trier of fact to reward the good
21  man and to punish the bad man because of their respective characters despite what the evidence in
22  the case shows actually happened." Undoubtedly, the jury in Robinson's case, upon hearing the
23  evidence, will infer that Robinson acted in conformance with certain perceived traits, and
24  therefore that defendants' use of force or deprivation of religious rights was warranted. These
25  inferences are impermissible.

26  The defendants may argue that the evidence is admissible to prove Robinson's intent or
27  motive in precipitating the defendants' use of force. However, the jury must determine whether
28  the defendants applied force maliciously and sadistically for the purpose of causing harm, or

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3.

ROBINSON'S MOTIONS IN LIMINE
C02-1538 CW (PR)

1  whether it was in good faith. *Hudson v. McMillian,* 503 U.S. 1, 7 (1992); *Davis v. Mason*
2  *County,* 927 F.2d 1473, 1484 (9th Cir. 1991) (holding that evidence of plaintiff's prior fight to
3  show "proclivity to violence" was inadmissible in a § 1983 excessive force claim), *overruled on*
4  *other grounds, Davis v. City and County of San Francisco,* 976 F.2d 1536 (9th Cir. 1992),
5  *vacated in part on other grounds,* 984 F.2d 345 (9th Cir. 1993); *Lataille v. Ponte,* 754 F.2d 33, 37
6  (1st Cir. 1985) (holding that the disciplinary record of a § 1983 plaintiff was inadmissible to show
7  that plaintiff was a "violent person and that he, therefore, must have been the aggressor and
8  precipitated the assault"). As plaintiff's state of mind is not relevant to this case, the evidence is
9  not admissible on this theory.

10  In another effort to circumvent the mandate of Rule 404(b), the defendants also may argue
11  that the evidence is relevant to the defendants' subjective state of mind. This argument also is
12  meritless. The defendants testified at their deposition that they did not remember a previous
13  incident with plaintiff and also could not recall any specific interactions with him prior to March
14  25, 2001. (Olivarria Depo. Tr. at 23:12-19; Delgado Depo. Tr. at 28:17-19.) Therefore, the
15  evidence is not probative of either defendants' intent or motive.

16  As evidence of plaintiff's disciplinary record is not relevant to any issue in the case, Rule
17  404 mandates that it be excluded.

18  **B.  The Evidence is Unfairly Prejudicial, Time Consuming and Will Confuse the Issues.**
19

20  Rule 403 also requires the exclusion of Robinson's disciplinary record due to the risk of
21  unfair prejudice, confusion of the issues and waste of time, which substantially outweigh any
22  probative value of the evidence. As the Advisory Committee to Rule 403 noted, "'Unfair
23  prejudice' within its context means an undue tendency to suggest decision on an improper basis,
24  commonly, though not necessarily, an emotional one." Evidence of plaintiff's misconduct will
25  incite and alienate the jury against the plaintiff and the merits of his case. Provoked by the
26  plaintiff's disciplinary record, the jury might base its decision not on the facts of the case but on a
27  desire to punish the plaintiff for these other acts. As such a result contravenes the underscoring
28  policies of Rule 403, the evidence should be excluded.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4.

ROBINSON'S MOTIONS IN LIMINE
C02-1538 CW (PR)

Aside from prejudicing the jury, the evidence will also confuse the issues. Distracted by the facts and details of plaintiff's disciplinary record, the jury might be confused as to the relevancy and weight of this evidence in making the determination of whether the defendants violated plaintiff's civil rights. Finally, it would waste the Court's and jury's time to sit through the introduction of this irrelevant evidence. If the defendants are allowed to introduce this evidence they will have to call witnesses to each alleged incident not only to testify but also to authenticate any related documents. This Court should not tolerate such a waste of time and resources on collateral issues. Because the prejudicial effect of Robinson's disciplinary record outweighs any probative value, evidence thereof cannot be used for impeachment under Rule 609.

In sum, based on the improper use of this character evidence, the inescapable prejudice to the plaintiff, the danger of confusing the issues and the unnecessary waste of time, this evidence should be excluded in its entirety.

### III.   MOTION IN LIMINE NO. 3: TO PREVENT SHACKLING ROBINSON DURING TRIAL

Presenting Robinson to the jury in mechanical restraints creates a high risk of unfair prejudice, and would tempt the jury to decide the issues against him because of his appearance. Rule 403. Although a trial court has discretion to order shackling, such an order should only issue where compelling circumstances demonstrate a need to maintain the security of the courtroom, and after pursuing less restrictive alternatives. *Morgan v. Bunnell*, 24 F.3d 49, 51 (9th Cir. 1994). For example, in *Morgan*, compelling interests existed because the prisoner had demonstrated a likelihood of escape and the potential for violence in a courtroom. The prisoner-party had asked another inmate what courthouse security was like, how easy it would be to escape and whether the inmate could find someone whom he could pay to arrange his escape or intimidate witnesses. *Id*. at 51. In addition, in a previous trial with this prisoner, several witnesses against him died violently before, during, and after that trial. *Id*. In deciding whether to restrain him, the court also considered the brutality by which he had murdered his victims. *Id*.

Shackling may be justified as a last resort in cases of extreme need or in cases urgently demanding that action. *Wilson v. McCarthy*, 770 F.2d 1482, 1484-85 (9th Cir. 1985) (citations omitted). For example, shackling may be proper where there is a serious threat of escape, danger

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5.

ROBINSON'S MOTIONS IN LIMINE
C02-1538 CW (PR)

to those in and around the courtroom, or where disruption is likely in the absence of shackles. *Id*. at 1485. The prisoner-party in *Wilson* had been convicted of murder, robbery and burglary, in addition to belonging to a prison gang that transported weapons within the prison. *Id*. Even in *Wilson*, the Ninth Circuit held that although the trial court did not abuse its discretion in allowing shackles, there was "some concern over the apparent failure of the trial court to consider less drastic alternatives to shackling. Consideration of less drastic alternatives should be part of the trial judge's balancing of the defendant's rights and the needs for security." *Id*. at 1486.

Here, there is no compelling interest to shackle Robinson during the trial. He has not demonstrated any potential for escape, violence in the courtroom, or disruption. The fact that he is a prisoner and incarcerated for a 1991 conviction of second-degree murder does not itself qualify as an "extreme need." Moreover, Robinson's prison escorts and the bailiff will be in the courtroom to ensure order. Not only will restraints undoubtedly prejudice Robinson in the eyes of the jury, but it will impair his mental faculties and impede communication between Robinson and his counsel. Defendants cannot demonstrate compelling circumstances justifying mechanically restraining Robinson in the presence of the jury.

### IV. MOTION IN LIMINE NO. 4: TO EXCLUDE CERTAIN TESTIMONY OF DEFENDANTS' EXPERT DAVID TRISTAN

Robinson moves the Court for an Order excluding certain testimony of defendants' expert witness, David Tristan. Robinson anticipates that defendants will seek to elicit testimony from Tristan as to his opinion on whether defendants used excessive force against Robinson in violation of the Eighth Amendment.

Under Rule 702, expert testimony is permitted only if it will assist the trier of fact to understand the evidence or to determine a fact in issue. Not only would Tristan's testimony on the existence of excessive force be unnecessary in assisting the trier of fact, allowing it would improperly interfere with the jury's role as fact finder.

Although the Court may allow Mr. Tristan to testify on prison standards regarding use of force if it believes his testimony would assist the jury, any conclusion by Mr. Tristan as to the ultimate issue of excessive force in the case must be excluded. *See Unites States v. Schatzle*, 901

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6.

ROBINSON'S MOTIONS IN LIMINE
C02-1538 CW (PR)

F.2d 252, 257 (2nd Cir. 1990) (holding that the trial court properly excluded expert's opinion on the "reasonableness" of the police officer's use of force because the jury was capable of assessing the reasonableness of officer's conduct on its own.)

## V. MOTION IN LIMINE NO. 5: TO EXCLUDE ANY EVIDENCE OF ROBINSON'S RELIGION UNRELATED TO KOSHER DIETS AND GROUP WORSHIP

Robinson anticipates that Defendants will attempt to call into question the legitimacy of the House of Yahweh faith by referring to it as a cult, offering evidence regarding scandals of the leaders, or otherwise devaluing it in front of the jury. This evidence should be excluded because it bears no relevance to the claims in this case, and it is unfairly prejudicial to Robinson with no probative value. Rule 401, 402, 403. The first amendment protects all religious beliefs, no matter how preposterous they may seem to majority of the population. *U.S. v. Rasheed*, 663 F.2d 843 (9th Cir. 1981); *Thomas v. Review Board,* 450 U.S. 707, 714 (1981). Defendants should not be permitted to denigrate Robinson's faith in front of the jury.

## VI. MOTION IN LIMINE NO. 6: TO PREVENT DEFENDANTS FROM ADDRESSING AND REFERRING TO ROBINSON BY HIS STATUS RATHER THAN HIS NAME

Referring to Robinson as "the inmate," "the prisoner," or any other phrase descriptive of his status has no probative value and will unfairly prejudice Robinson with the jury. Pursuant to Rule 403, Defendants should be instructed to address and refer to Robinson as "Mr. Robinson."

Dated: August 18, 2008                           COOLEY GODWARD KRONISH LLP


                                                  /s/ Angela L. Dunning
                                                 Angela L. Dunning (212047)

                                                 Attorneys for Plaintiff
                                                 ANTHONY L. ROBINSON

1098270 v2/SF