1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  ROCHELLE C. EAST
   Senior Assistant Attorney General
4  MICHAEL W. JORGENSON
   Supervising Deputy Attorney General
5  JULIANNE MOSSLER, State Bar No. 243749
   Deputy Attorney General
6  CYNTHIA C. FRITZ, State Bar No. 200147
   Deputy Attorney General
7   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004
8   Telephone: (415) 703-5793
    Fax: (415) 703-5843
9   Email: Cynthia.Fritz@doj.ca.gov

10  Attorneys for Defendants Cate, Delgado, Evans, and
    Olivarria

11

12              IN THE UNITED STATES DISTRICT COURT

13          FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                       OAKLAND DIVISION

15

16  | ANTHONY L. ROBINSON, | Case No. C 02-1538 CW (PR) |
    |---|---|
    | Plaintiff, | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS** *IN LIMINE* |
    | v. | |
    | **ROGELIO DELGADO, et al.,** | Trial:      September 22, 2008 |
    | Defendants. | Time:      8:30 a.m. |
    | | Courtroom:  2 |
    | | Judge:      Hon. Claudia Wilken |

22        Defendants Cate, Delgado, Evans, and Olivarria (Defendants) respectfully submit the

23  following memorandum of points and authorities in opposition to Plaintiff's motions in limine

24  to: (1) Exclude Robinson's Prior Criminal Convictions; (2) Exclude Robinson's Prison

25  Disciplinary Record; (3) Prevent Shackling Robinson During Trial; (4) Exclude Certain

26  Testimony of Defendants' Expert David Tristan; (5) Exclude Any Evidence of Robinson's

27  Religion Unrelated to Kosher Diets and Group Worship; and (6) Prevent Defendants from

28  Addressing and Referring to Robinson by His Status Rather than His Name.

## MEMORANDUM OF POINTS AND AUTHORITIES

**1.    PLAINTIFF'S CRIMINAL CONVICTIONS ARE RELEVANT AND NOT UNDULY PREJUDICIAL.**

Plaintiff has moved to exclude evidence of his felony convictions. Defendants oppose Plaintiff's motion because the evidence is relevant for impeachment purposes and not unfairly prejudicial.   Plaintiff's 1991 felony murder conviction is not remote in time under Rule 609(b) because Plaintiff is still serving his sentence for that conviction; therefore, its admissibility is determined under Rule 609(a)(1).  Similarly, Plaintiff's 2000 conviction for attacking two peace officers is also determined under Rule 609(a)(1).

**A.    Plaintiff's Prior Convictions Are Relevant For Impeachment Purposes.**

The fact that Plaintiff is a felon is highly probative on the issue of credibility.  As a general rule, felony convictions are admissible in civil cases to attack a witness' credibility.  Fed. R. Evid. 609(a)(1); *U.S. v. Bernal-Obeso*, 989 F.2d 331, 336 (9th Cir. 1993) ("As a trial lawyer knows, felony convictions trench heavily upon such a person's credibility.")  One who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath, the jury should determine whether the convictions make a difference, given the importance of credibility in this case.  Plaintiff is serving a life sentence for murder, and another sentence for physically attacking two peace officers.  Defendants should be permitted to use those convictions to demonstrate that Plaintiff has little to lose by resisting staff, attempting to incite other inmates, and then lying about it.  Such impunity bears significant weight against Plaintiff's credibility at trial.  The jury should be given the opportunity to determine the Plaintiff's credibility given his past behavior.

In *Green v. Bock Laundry Mach. Co.*, 490 U.S. 504 (1989), the Supreme Court addressed the question of whether the plaintiff's felony convictions may be used to impeach his testimony at trial.  The Court found that:

> Thus Rule 609(a)(1)'s exclusion of civil witnesses from its weighing language is a specific command that impeachment of such witnesses be admitted, which overrides a judge's general discretionary authority under Rule 403.  Courts relying on Rule 403 to balance probative value against prejudice to civil witnesses depart from the mandatory language of Rule 609.

Defs.' Opp. Pls' Mot. Limine

*Robinson v. Delgado, et al.*
C 02-1538 CW (PR)

1 | *Green*, 490 U.S. at 526.

2 | The Court went on to hold that introduction of evidence concerning the criminal convictions

3 | of civil witnesses is mandatory for purposes of impeachment:

4 | In summary, we hold that Federal Rule of Evidence 609(a)(1) requires a judge to
permit impeachment of a civil witness with evidence of prior felony convictions

5 | regardless of ensuant unfair prejudice to the witness or the party offering the testimony.

6 | *Green*, 490 U.S. at 527.

7 | Because Plaintiff will be offering testimony as civil witnesses at trial, evidence of his felony

8 | convictions must be allowed for impeachment purposes.

9 | The defense also needs Plaintiff's 2000 felony conviction to provide context and offer an

10 | explanation for why the Plaintiff was placed in Administrative Segregation, and why he had to be

11 | escorted in handcuffs by two officers on March 25, 2001. These facts are contrary to Plaintiff's

12 | theory and the Defendants should get the opportunity to rebut the testimony with contrary

13 | evidence. Defendants believe that the Plaintiff should not be allowed to mislead the jury into

14 | believing that he did nothing to justify an alternative method of escorting him.

15 | Aside from credibility, the fact that Plaintiff is a convicted murderer is probative to

16 | Plaintiff's excessive force claim. The fact that Plaintiff used deadly force, and previously

17 | assaulted two correctional officers is relevant because it contradicts Plaintiff's theory that the

18 | Defendants are retaliating against him for filing inmate appeals, and that he fears correctional

19 | officers. Plaintiff should not be permitted to make these representations, unless Defendants are

20 | permitted to introduce contrary evidence. The evidence is also relevant to show the level of

21 | dangerousness posed by the Plaintiff to Defendants who escorted him from Administrative

22 | Segregation.

23 | **B.    The Evidence is Not Unfairly Prejudicial Under Rule 403.**

24 | Although the felony convictions have some prejudicial effect, as would any evidence against

25 | a party, it is not unfairly prejudicial under Federal Rules of Evidence 403 because Plaintiff has

26 | put his credibility at issue in this case. "When a defendant takes the stand and denies having

27 | committed the charged offense, he places his credibility directly at issue" for purposes of

28 | admission of his prior convictions. *U.S. v. Alexander*, 48 F.3d 1477, 1489 (9th Cir. 1995), citing

Defs.' Opp. Pl.s' Mot. Limine

*Robinson v. Delgado, et al.*
C 02-1538 CW (PR)

1  *U.S. v. Browne*, 829 F.2d 760, 764 (9th Cir. 1987); *U.S. v. Givens*, 767 F.2d 574, 580 (9th Cir.

2  1985); *U.S. v. Oaxaca*, 569 F.2d 518, 527 (9th Cir. 1978).  The defense must be able to attack

3  Plaintiff's credibility and rebut his claims.

4      Plaintiff will also not be unduly prejudiced by the disclosure of his felony convictions

5  because the jury will already know that he is a convicted felon, and the amount of time he has

6  been incarcerated.

7      **C. Conclusion.**

8      For these reasons, the Court should deny Plaintiff's motion to exclude his felony

9  convictions because Plaintiff's convictions are admissible for impeachment purposes and to rebut

10 his claims.

11 **2.    THE COURT SHOULD STRIKE PLAINTIFF'S MOTION IN LIMINE NO. 2 FOR
        HIS FAILURE TO EXCHANGE AS REQUIRED BY THE COURT'S PRETRIAL
12      ORDER, OR IN THE ALTERNATIVE, DENY IT ON THE GROUNDS THAT HIS
        DISCIPLINARY RECORDS ARE ADMISSIBLE AS EVIDENCE TO REFUTE
13      PLAINTIFF'S CLAIMS, FOR IMPEACHMENT AND TO SHOW MOTIVE, BIAS,
        INTENT OR PLAN.**

14
15      The Court should strike Plaintiff's Motion in Limine No. 2 on the grounds that it was not

16 exchanged with Defendants' counsel as required by the Court's pre-trial scheduling order.  The

   Court's pre-trial order required the parties to exchange certain documents, including motions in
17
   limine, by August 1, 2008.  At the request of Plaintiff's counsel, Defendants agreed to delay the
18
   exchange until August 8, 2008.  In spite of this accommodation, Plaintiff never provided his
19
   proposed Motion in Limine No. 2 to Defendants' counsel before filing it with the Court.
20
21      In the alternative, Defendants oppose Plaintiff's motion to exclude evidence of his

22 disciplinary records because the evidence is relevant to rebut Plaintiff's claims, for impeachment

   purposes, and to show motive, bias, intent or plan.  Plaintiff should not be permitted to sanitize
23
   his history of in-custody disciplinary violations in hopes of misleading and confusing the jury.
24
25      **A.    Plaintiff's Disciplinary Records Are Relevant to Rebut Plaintiff's Claims.**

26      Under the Federal Rule of Evidence 402, relevant evidence is presumptively admissible,

27 unless it is excluded by some other rule.  Relevant evidence is evidence having the tendency to

   prove or disprove a fact of consequence to the action.  Fed. R. Evid. 401.  "[U]nless the evidence
28

Defs.' Opp. Pl.s' Mot. Limine                          *Robinson v. Delgado, et al.*
                                                        C 02-1538 CW (PR)

1  of other acts only tends to prove propensity, it is admissible." *U.S. v. Castillo*, 181 F.3d 1129,

2  1134 (9th Cir. 1999); *see also* Fed. R. Evid. 404(b) (proof of other wrongs admissible to show

3  motive, intent or plan).

4      In a civil case, evidence of prior conduct is admissible to show the reasonableness of

5  Defendants' actions. *West v. Love*, 776 F.2d 170, 173–175 (7th Cir. 1985) (in claim of excessive

6  force by inmate against correctional staff, evidence properly admitted that plaintiff was in special

7  unit for those with violent propensities to show reasonableness of force used against him).  In

8  addition, prior conduct evidence is admissible to demonstrate Plaintiff's bias against Defendants

9  and correctional staff in general (*Heath v. Cast*, 813 F.2d 254, 259 (9th Cir. 1987) (in action

10  alleging excessive force during arrest, defendant could introduce evidence of plaintiff's prior

11  arrests, and misdemeanor conviction of plaintiff's brother, as proof of plaintiff's bias against

12  police)), either party's state of mind (*McCrary-El v. Shaw*, 992 F.2d 809, 810–811 (8th Cir.

13  1993) (plaintiff-inmate's past violent incidents bore on state of mind of officers to determine

14  reasonableness of force used)), or Plaintiff's intent or motive (*Young v. Rabideau*, 821 F.2d 373,

15  380–382 (7th Cir. 1987) (inmate's suit against correctional officers alleging excessive force,

16  plaintiff testified that he grabbed chain in defendant's hand as self-protective reflex, which

17  opened door to his prior assaults, to contradict explanations and to prove intent and lack of

18  accident)).

19      Here, evidence of Plaintiff's disciplinary history will show the reasonableness of

20  Defendants' actions on March 25, 2001, because it will show why Plaintiff was in Administrative

21  Segregation at the time of the incident, and why he needed to be escorted by two officers and

22  handcuffed during the escort.

23      Defendants may introduce otherwise extrinsic evidence to contradict specific testimony

24  offered by Plaintiff or his witnesses. *Castillo*, 181 F.3d at 1132.  Plaintiff has stated that

25  Defendants and other correctional officers intended to cause him physical harm because of the

26  inmate grievances he filed, and that he feared the officers.  The disciplinary records will disprove

27  Plaintiff's claim.  Plaintiff's history of violating prison rules, challenging staff orders, assaulting

28  staff and other inmates, which continued even after the March 25, 2001 incident, will establish

Defs.' Opp. Pl.s' Mot. Limine

*Robinson v. Delgado, et al.*
C 02-1538 CW (PR)

1  that he has no fear of correctional staff. The evidence will show that Plaintiff commits prison

2  violations with impunity because of his long sentence for murder, and based on his commitment

3  offense and prison disciplinary history, the chances of parole are slim to none. Therefore,

4  Plaintiff has little to lose by resisting staff, attempting to incite other inmates, and then lying

5  about it. Such impunity bears significant weight against Plaintiff's credibility and theory of his

6  case at trial.

7      Plaintiff's disciplinary history will also be used to show his state of mind on March 25,

8  2001, as well as his bias against correctional staff, and long-standing intent, plan or motive to

9  disrupt prison operations and retaliate against his custodians. Plaintiff's long disciplinary

10  history, including physical attacks on prison staff, is relevant and admissible to show that he

11  orchestrated the events on March 25, 2001 to satisfy the grudge he admits to having against

12  correctional staff.

13      Finally, the evidence is necessary to impeach Plaintiff's ex-wife on the issue of her

14  knowledge of Plaintiff's in-custody conduct. Plaintiff has already lied to his ex-wife about the

15  reason he was housed in Administrative Segregation on the day of the incident. He should not be

16  allowed to likewise mislead the jury into believing that he was in Administrative Segregation for

17  his own safety, or that there was no justification for the alternative method of escorting him.

18  **B.    The Evidence is Not Unfairly Prejudicial Under Rule 403.**

19      Although the disciplinary records have some prejudicial effect, as would any evidence

20  against a party, it is not unfairly prejudicial under Federal Rules of Evidence 403 because

21  Plaintiff has put his credibility at issue in this case. The defense must be able to attack Plaintiff's

22  credibility and rebut his claims.

23  **C. Conclusion.**

24      For all these reasons, Plaintiff's request prohibiting reference to these disciplinary records

25  by Defendants should be denied. In the alternative, Defendants respectfully request that the

26  Court defer its ruling until Plaintiff and Plaintiff's witnesses testify at trial.

27  ///

28  ///

3.    **SAFETY OF COURT PERSONNEL, JURORS, WITNESSES, COUNSEL, AND OTHERS MANDATE THAT PLAINTIFF BE KEPT IN RESTRAINTS DURING TRIAL.**

The Supreme Court recognized and addressed the potential risk prisoners place on courtroom security in *Illinois v. Allen*, 397 U.S. 337, 343 (1970), and stated, "[i]t is essential to the proper administration of criminal justice that dignity, order, and decorum be the hallmarks of all court proceedings in our country." In *Harrell v. Israel*, 672 F.2d 632, 637 (7th Cir. 1982), the court addressed the "danger" certain prisoners may pose to courtroom security, and stated, "[l]ess intrusive methods of insuring security, such as stationing guards around the courtroom, would probably be less effective and may have an even more detrimental impact on the jury than shackles." A court may restrain an inmate who is a party or witness when it is "necessary to maintain the security of the courtroom." *United States v. Amaro*, 816 F.2d 284, 285 (7th Cir. 1987). The analysis used to determine when restraints are necessary in criminal cases is also applicable in civil cases, and in each instance the trial court has wide discretion. *Amaro*, 816 F.2d at 285; *Harrell*, 672 F.2d at 636. In deciding whether to shackle a prisoner during a jury trial the district court must balance the need to protect the jury, court officers and witnesses with any prejudice the shackles could arouse in the jurors' minds. *Lemons v. Skidmore*, 985 F.2d 354, 357-58 (7th Cir.1993). Handcuffs and/or leg shackles may be kept from the view of the jurors and therefore are less prejudicial. *Woods v. Thieret*, 5 F.3d 244, 247 (7th Cir. 1993).

The balancing of interests (prejudice to the prisoner versus security and escape) is best resolved outside the presence of the jury to determine the threat an individual prisoner (party or witness) poses to courtroom security. *Id.* at 248; *Lemons*, 985 F.2d at 358. At the hearing, the judge is entitled to rely on a variety of sources including but not limited to the prisoner records, witnesses, correctional and/or law enforcement officers and the federal marshals whose statutorily defined duties include: "provid[ing] for the personal protection of Federal jurists, court officers, [and] witnesses . . . ." 28 U.S.C. § 566(e)(1)(A). While the trial court may rely "heavily" on the marshals in evaluating the appropriate security measures to take with a given prisoner, the court bears the ultimate responsibility for that determination and may not delegate the decision to shackle an inmate to the marshals. *See, e.g., Lemons*, 985 F.2d at 358 n.4; *United*

Defs.' Opp. Pl.s' Mot. Limine                                                                      *Robinson v. Delgado, et al.*
C 02-1538 CW (PR)

7

1  *States v. Ellender*, 947 F.2d 748, 760 (5th Cir. 1991); *United States v. Weeks*, 919 F.2d 248, 250

2  (5th Cir. 1990). After considering the relevant information as to the prisoner's proclivity toward

3  disruptive and/or violent conduct, the judge must then determine whether the prisoner (party or

4  witness) poses a risk to courtroom security, risk of disrupting the proceeding or a risk of flight. If

5  the judge concludes the prisoner presents a risk, he may order the use of restraints, whether it be

6  arm and/or leg, but at the same time attempt to prevent the jury from viewing those restraints.

7  The court may accomplish this by directing that the prisoner be seated at the counsel's table or at

8  the witness stand before the jury returns to the courtroom. *See Amaro*, 816 F.2d at 285

9  (discussing the trial court's attempt to prevent the jury from viewing the restraints).

10      Here, the jury will be aware that Plaintiff is an inmate because he is claiming that

11  Defendants Delgado and Olivarria used excessive force against him during an escort on March

12  25, 2001, and because he is alleging that he has been denied a kosher diet and access to the

13  prison chapel by the warden of Salinas Valley State Prison and by the Secretary of the California

14  Department of Corrections and Rehabilitation, so the presence of restraints would not be unduly

15  prejudicial. The jury could also be given a limiting instruction not to consider the presence of

16  shackles for any purpose.

17      In addition, there are sufficient facts showing a manifest need to restrain Plaintiff at trial.

18  Plaintiff is a Level IV inmate which is the highest security designation in the CDCR. Plaintiff is

19  serving has a life sentence, and has a history of violent and assaultive behavior, with several

20  terms in Administrative Segregation for attacks on staff and other inmates, including three

21  incidents just since December 2007. (See Exs. A through C to Defs.' motions in limine.)

22  Plaintiff has committed multiple in-custody disciplinary offenses (*id.*), and was a street gang

23  member prior to his commitment.

24      Further, Plaintiff will be wearing civilian clothing during trial which will afford him

25  additional opportunities to hide weapons, and would make a successful escape much easier to

26  accomplish. Finally, Plaintiff has demonstrated that he is not hesitant to attack women (see Ex.

27  B to Defs.' motions in limine), and his own counsel presents an ideal hostage as she is pregnant

28  and has a family. For these reasons Plaintiff is considered an escape risk, and a threat to

1 | courtroom security.

2 | Defendants request that Plaintiff's motion in limine be denied. Instead, Defendants request

3 | that Plaintiff be restrained with leg irons and waist chains during trial, and preferably that he be

4 | chained to an immobile security chair. If there is no security chair available, Defendants request

5 | that one of Plaintiff's hands be restrained to reduce the escape or assault risk.

6 | **4. EXPERT WITNESSES ARE EXPRESSLY PERMITTED TO OFFER OPINIONS REGARDING AN ULTIMATE ISSUE IN A CIVIL PROCEEDING.**

7 |

8 | Federal Rules of Evidence, rule 704 specifically sets out that an opinion expressed by an

9 | expert witness on an ultimate issue to be decided by the trier of fact is not objectionable, so long

10 | as it is otherwise admissible. And the Ninth Circuit has repeatedly affirmed that expert witnesses

11 | "may testify as to their opinions on ultimate issues to be decided by the trier of fact." *U.S. v.*

12 | *Morales*, 108 F.3d 1031, 1035 (9th Cir. 1997), citing Fed. R. Evid. 704(a). Although an expert

13 | may not give an opinion as to his legal conclusion (*McHugh v. United Serv. Auto. Ass'n*, 164

14 | F.3d 451, 454 (9th Cir.1999)), his opinions are nevertheless proper even if they "refer to

15 | terminology from applicable law in expressing their opinions." *Nationwide Transport Finance v.*

16 | *Cass Information Systems, Inc.*, 523 F.3d 1051, 1059 (9th Cir. 2008); *see also Hangarter v.*

17 | *Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004) ("[A] witness may properly

18 | be called upon to aid the jury in understanding the facts in evidence even though reference to

19 | those facts is couched in legal terms."); *Peckham v. Cont'l Cas. Co.*, 895 F.2d 830, 837 (1st Cir.

20 | 1990); *First Nat'l State Bank of N.J. v. Reliance Elec. Co.*, 668 F.2d 725, 731 (3d Cir. 1981).

21 | Plaintiff seeks an order based on nothing more than vague speculation regarding what

22 | Defendants' expert may say on the stand. He has pointed to no specific statement in Defendants'

23 | expert's report to support his motion for an order restricting the scope of testimony in advance of

24 | trial. Plaintiff's motion should be denied, and Defendants' expert should be allowed to testify

25 | subject to any proper objections Plaintiff's counsel may assert at trial.

26 | ///

27 | ///

28 | ///

Defs.' Opp. Pl.s' Mot. Limine

*Robinson v. Delgado, et al.*
C 02-1538 CW (PR)

**5.    THE COURT SHOULD STRIKE PLAINTIFF'S MOTION IN LIMINE NO. 5 FOR HIS FAILURE TO EXCHANGE IT IN ACCORDANCE WITH THE COURT'S PRETRIAL ORDER, OR IN THE ALTERNATIVE, DENY IT ON THE GROUNDS THAT DEFENDANTS MUST BE PERMITTED TO OFFER EVIDENCE THAT PLACES PLAINTIFF'S CONDUCT IN CONTEXT WITH HOUSE OF YAHWEH DOCTRINE.**

The Court should strike Plaintiff's Motion in Limine No. 5 on the grounds that it was not exchanged with Defendants' counsel as required by the Court's pre-trial scheduling order. The Court's pre-trial order required the parties to exchange certain documents, including motions in limine, by August 1, 2008. At the request of Plaintiff's counsel, Defendants agreed to delay the exchange until August 8, 2008. In spite of this accommodation, Plaintiff withheld his proposed Motion in Limine No. 5 until after 1:00 p.m. on the day the parties' trial documents were to be filed with the Court. Striking the motion is an appropriate sanction particularly in light of Plaintiff's additional failure to exchange his trial brief and his Motion in Limine No. 2 with Defendants' counsel as required by the Court's pre-trial order.

In the alternative, Defendants must be permitted to refer to the House of Yahweh in accurately descriptive terms, and to discuss various aspects of House of Yahweh doctrine apart from the dietary and group worship issues. Such evidence, in combination with evidence of Plaintiff's deposition testimony and in-custody conduct, is highly probative of Plaintiff's self-serving view of his religion. According to the Ninth Circuit's holding in *Shakur v. Schriro*, 514 F.3d 878 (9th Cir. 2008), Defendants are entitled to test the sincerity of Plaintiff's asserted beliefs in order to determine whether they are supported by the religion to which he subscribes, or whether the asserted beliefs are a self-serving view of religious practice. *Shakur*, 514 F.3d at 884; *Hernandez v. CIR*, 490 U.S. 680, 699 (1989); *Levitan v. Ashcroft* 281 F.3d 1313, 1321 (D.C. Cir. 2002).

**6.    DEFENDANTS MUST BE PERMITTED TO USE WORDS AND PHRASES THAT ACCURATELY DESCRIBE PLAINTIFF, DEFENDANTS AND WITNESSES.**

Defendants should be permitted to use accurately descriptive terms to describe, refer to, or address Plaintiff. Use of such terms is necessary to an accurate representation of the facts for the jury, and will not be unduly prejudicial because all the testimony and evidence to be presented in

Defs.' Opp. Pl.s' Mot. Limine                                        *Robinson v. Delgado, et al.*
C 02-1538 CW (PR)

10

1    this lawsuit will remind the jury that Plaintiff is a state prisoner.  As mentioned above, the jury

2    will be aware that Plaintiff is an inmate because he is alleging Defendants Delgado and Olivarria

3    used excessive force against him during an escort between the Administrative Segregation Unit

4    to the prison's visiting room on March 25, 2001, and because he is alleging that he has been

5    denied a kosher diet and access to the prison chapel by the warden of Salinas Valley State Prison

6    and by the Secretary of the California Department of Corrections and Rehabilitation.  He would

7    not be bringing these claims were it not for the fact that he is a state prisoner.

8       Moreover, it is common in the prison system for both correctional staff *and* inmates to refer

9    to prisoners by their status (e.g., "inmate," "prisoner," or "convict").  Defendants should not be

10   restricted to using only one form of address when referring to Plaintiff so long as the forms they

11   use are accurate and not derogatory or demeaning.

12       Dated: August 25, 2008

13                                 Respectfully submitted,

14                                 EDMUND G. BROWN JR.
                                      Attorney General of the State of California

15                                 DAVID S. CHANEY

16                                 Chief Assistant Attorney General

                                ROCHELLE C. EAST

17                                 Senior Assistant Attorney General

18                                 MICHAEL W. JORGENSON
                                Supervising Deputy Attorney General

19                                 CYNTHIA C. FRITZ
                                Deputy Attorney General

20

21

22                                 JULIANNE MOSSLER

23                                 Deputy Attorney General
                                Attorneys for Defendants Cate, Delgado,

24                                 Evans, and Olivarria

25   20134176.wpd
      SF2005400344

26

27

28

Defs.' Opp. Pls.' Mot. Limine                                     *Robinson v. Delgado, et al.*
                                                            C 02-1538 CW (PR)

11