COOLEY GODWARD KRONISH LLP
THOMAS J. FRIEL, JR. (80065) (tfriel@cooley.com)
ANGELA L. DUNNING (212047) (dunningal@cooley.com)
JAMES M. PENNING (229727) (jpenning@cooley.com)
101 California Street
5th Floor
San Francisco, CA  94111-5800
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

Attorneys for Plaintiff
ANTHONY L. ROBINSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ANTHONY L. ROBINSON,<br><br>          Plaintiff,<br><br>     v.<br><br>ROGELIO DELGADO, P. OLIVARRIA, JAMES E. TILTON, ANTHONY LAMARQUE, M.S. EVANS & DOES 1-10,<br><br>          Defendants. | Case No.  C02-1538 CW (PR)<br><br>**FOURTH AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Anthony Robinson ("Robinson") brings this action for damages and injunctive relief under the federal civil rights laws against Defendants named herein, demands trial by jury, and alleges as follows:

**JURISDICTION & VENUE**

**1.**     This Court has jurisdiction over this action pursuant to 42 U.S.C. § 1983.

**2.**     Venue is proper in the United States District Court for the Northern District of California because it is where a substantial part of the events giving rise to Robinson's claims occurred.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

853657 v1/HN

1.

**FOURTH AMENDED COMPLAINT**
**C02-1538 CW (PR)**

## PARTIES

3.  Plaintiff Anthony Robinson is an inmate currently incarcerated at Salinas Valley State Prison ("SVSP") in Soledad, California.

4.  Defendant Rogelio Delgado was a Correctional Officer at SVSP during times relevant to this action.

5.  Defendant P. Olivarria was a Correctional Officer at SVSP during times relevant to this action.

6.  Defendant James E. Tilton, named in his individual and official capacity, is the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), and, upon information and belief, has supervisory authority over other persons involved in the violations of Robinson's rights alleged herein.

7.  Defendant Anthony LaMarque, named in his individual and official capacity, was the SVSP Warden during times relevant to this action, and, upon information and belief, has or had supervisory authority over other persons involved in the violations of Robinson's rights alleged herein.

8.  Defendant M.S. Evans, herein sued in his individual and official capacity, is the current SVSP Warden, and, upon information and belief, has or had supervisory authority over other persons involved in the violations of Robinson's rights alleged herein.

9.  The true names and capacities of the Defendants sued herein under the fictitious names of DOES 1 through 10, inclusive, are unknown to Robinson at this time. Robinson is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants is responsible in some manner for the incidents and occurrences alleged herein. Robinson will amend this complaint to allege the true names and capacities of such DOE Defendants, together with other appropriate allegations, when such names have been ascertained.

## SUMMARY OF FACTS

### EXCESSIVE FORCE

10.  On March 25, 2001, Defendants Olivarria and Delgado escorted Robinson to the visitation area, where Robinson had a scheduled visit with his wife. Robinson was in handcuffs

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

853657 v1/HN

2.

FOURTH AMENDED COMPLAINT
C02-1538 CW (PR)

1   with his hands behind his back.  During the walk to the visitor's area, Robinson was cooperative
2   and responsive to Defendants' commands.  Without any provocation on Robinson's part,
3   Olivarria intentionally squeezed and pressed down on Robinson's handcuffs, which cut off
4   Robinson's blood circulation and caused intense pain in his arms and wrists.  Robinson asked him
5   to stop, but Olivarria continued to press down on the handcuffs.  After Robinson continued to
6   object to this treatment, Olivarria threatened to take Robinson back to his cell and cancel his visit.

7   **11.**   After the visit, Olivarria took Robinson out of the room.  Robinson was again in
8   handcuffs with his hands behind his back and continued to follow Defendants' instructions
9   cooperatively and without resistance.  Olivarria again tightly squeezed the handcuffs, causing
10  intense pain.  Robinson stopped walking because of the pain and protested to Olivarria.  In
11  response, Olivarria ordered Robinson to stand against a wall and told Robinson that he was going
12  to place him in the holding tank.  When Robinson asked why, Olivarria grabbed Robinson and
13  pushed him into the holding tank.  Robinson turned around after Olivarria pushed him into the
14  holding tank.  Olivarria grabbed Robinson by his shirt and pushed him forcefully into the back
15  wall.  The push made Robinson fall backwards on a bench.  Olivarria and Delgado then slammed
16  Robinson chest first down on the ground.

17  **12.**   In addition to the intense pain inflicted by Olivarria's squeezing of the handcuffs,
18  Robinson suffered swelling in his hands, and cuts and bruises on his wrists.  The shove and fall in
19  the holding cell inflicted a bloody wound on his elbow, bruises and soreness between his neck
20  and collarbone, and pain in his left calf.

21  **13.**   At all times relevant to this complaint, Defendants Olivarria and Delgado acted
22  without justification or excuse in using an amount of force on Robinson that was both
23  unnecessary and excessive, and applied to inflict pain on Robinson.

24                                **DENIAL OF A KOSHER DIET**

25  **14.**   In 1995, while incarcerated at SVSP, Robinson converted to the House of Yahweh
26  a religion founded on Judeo-Christian beliefs and based in Abilene, Texas.  The House of
27  Yahweh observes many of the same religious traditions as Judaism.  Specifically, among other
28  traditions, the House of Yahweh follows the kosher dietary laws mandated in the Torah, including

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

853657 v1/HN                                3.                         **FOURTH AMENDED COMPLAINT**
                                                                            **C02-1538 CW (PR)**

the Books of Leviticus and Deuteronomy, and elaborated on in Jewish religious interpretation and teaching over centuries of observation. The House of Yahweh has members throughout the United States and in other countries throughout the world. Its membership also includes incarcerated prisoners, who may convert to the House of Yahweh by professing the desire to live by Yahweh's laws. The United States Internal Revenue Service recognizes the House of Yahweh as a tax-exempt religious organization.

15. While housed in SVSP, Robinson notified various SVSP personnel of his devotion to the House of Yahweh and filed numerous administrative appeals with SVSP in an effort to receive the kosher diet mandated by his faith. SVSP denied Robinson's requests by alleging that (1) SVSP already met his needs by not serving pork products in any meal; (2) SVSP required documentation from the House of Yahweh that Robinson was entitled to a kosher diet; and (3) Robinson's appeals failed on separate procedural grounds. SVSP refused to provide Robinson with a daily kosher diet and kosher meals specifically for the Passover holiday and other House of Yahweh feast days. Robinson chose to go without food during Passover in order to abide by the principles of his faith.

16. Robinson is informed and believes, and on that basis alleges, that SVSP formalized its practices for inmates to request a Special Religious Diet in 2005, and required that any inmate interested in receiving the Special Religious Diet fill out a "CDCR 3030" form. The Special Religious Diet available at SVSP includes "Vegetarian meals (including dairy product and eggs) based on a regular institution meals"; and "Jewish kosher meals" for "Jewish inmates . . . who wish to follow the standards of Judaism."

17. Robinson again filed an administrative appeal with SVSP in 2005 in an effort to receive the kosher diet mandated by his faith. The prison again denied the appeal alleging, *inter alia*, that the prison's Kosher Meal Program was only for inmates who were born into Judaism, converted to Judaism, or had a sincerely-held belief in Judaism. SVSP claimed the House of Yahweh and its religious observances were outside the Jewish faith, and denied Robinson access to the Kosher Meal Program.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

853657 v1/HN

4.

**FOURTH AMENDED COMPLAINT**
**C02-1538 CW (PR)**

18.     Despite this denial, in May 2006, SVSP's Chaplain and Chief Deputy Warden approved Robinson for the "Vegetarian meal" offered under the Special Religious Diet. Robinson objected and asserted yet again that he was entitled to participate in the Kosher Meal Program.  In July and September 2006, Robinson again was informed that the Kosher Meal Program was only for inmates who were born into Judaism, converted to Judaism, or have a sincerely-held belief in Judaism, and his request for the Kosher Meal Program was again denied.

19.     As recently as a letter dated March 13, 2007, SVSP told Robinson that the prison would not allow him to participate in the Kosher Meal Program because the House of Yahweh is not affiliated with any Jewish denomination.

20.     On approximately April 9, 2007, Robinson filed an administrative appeal with SVSP to receive at least a kosher meal during the Passover holiday.  The prison responded that Robinson would need to complete additional paperwork to participate in the "Jewish Kosher" program because Robinson already was entitled to the vegetarian meal under the Special Religious Diet.

21.     In May 2007, Robinson completed the CDCR 3030 form and once more asked to participate in the Kosher Meal Program.  SVSP has not yet acted upon this request, and, thus, SVSP still denies Robinson access to the Kosher Meal Program.

22.     Robinson is informed and believes, and on the basis alleges, that at all times relevant to this action, SVSP has granted similarly situated prisoners of other religious faiths access to a Special Religious Diet (including, without limitation, the Kosher Meal Program) that conforms to the mandates of their respective faiths.

**DENIAL OF RIGHT TO ACCESS TO CHAPEL AND/OR GROUP WORSHIP**

23.     House of Yahweh doctrine provides that its members should be allowed to meet on the weekly Sabbath and on the Feast Day Sabbaths in a group setting for prayer, study, and listening to sermon tapes.

24.     Robinson is informed and believes, and on that basis alleges, that CDCR and/or SVSP policies provide that group-worship and chapel services may be supervised by chaplains, support staff, or qualified or trained volunteers.  Robinson is informed and believes, and on that

basis alleges, that SVSP previously had, and currently has, qualified chaplains, support staff, or qualified or trained volunteers who may supervise House of Yahweh services.

25. Robinson is informed and believes, and on that basis alleges, that SVSP policy also provides that inmates are not allowed to bring books, magazines, radios, tape or CD players on to the recreation yard, even if inmates intend to use these materials in connection with devotional worship. However, these religious materials may be used by inmates in the chapel. Consequently, inmate access to these religious materials is effectively restricted to use in chapel. If the inmate is denied access to the chapel, he is denied access to the materials of his faith.

26. In 2005, Robinson filed an administrative appeal requesting that House of Yahweh members be allowed to use the chapel or other buildings on the Sabbath and Yahweh's festival days for religious service.

27. In 2006, SVSP informed Robinson that it would grant Robinson's request only if the House of Yahweh provided a representative to supervise House of Yahweh members group worship in the chapel. Robinson is informed and believes, and on that basis alleges, that there is no stated requirement that the supervising personnel be affiliated with the particular faith engaged in worship, and, in fact, that any such requirement would violate Cal. Code Regs., tit. 15, § 3210 ("Establishment of Religious Programs").

28. On approximately October 17, 2006, Robinson filed an administrative appeal requesting that House of Yahweh members be allowed use of the recreation yard for religious services, particularly on the Sabbath and for Sunday bible study. On December 12, 2006, the SVSP personnel informally told Robinson that House of Yahweh members could worship in the yard but could not bring books, magazines, radios, tape and CD players, even though such materials would have been permitted in the chapel. SVSP continued to deny House of Yahweh members use of the chapel because there was no religious leader or sponsor to supervise the House of Yahweh group worship. SVSP repeated these determinations in its subsequent formal response to Robinson's administrative appeal.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

853657 v1/HN

6.

FOURTH AMENDED COMPLAINT
C02-1538 CW (PR)

29. Robinson is informed and believes, and on that basis alleges, that at all times relevant to this action, SVSP has granted similarly situated prisoners of other religious faiths access to the SVSP chapel or other reasonable accommodations for group worship.

## FIRST CAUSE OF ACTION

### (VIOLATION OF 42 U.S.C. § 1983)

### (EIGHT AMENDMENT)

30. Robinson realleges and incorporates by reference herein each allegation contained in Paragraphs 1 through 29 of this Second Amended Complaint.

31. Defendants Olivarria and Delgado without justification or excuse, used physical force against Robinson in excess of that which was reasonable or necessary under the circumstances, causing the wanton infliction of pain and injury. The conduct of Defendants Olivarria and Delgado therefore violated Robinson's Eighth Amendment rights.

32. Defendants Olivarria and Delgado acted in concert under color of state law to violate Robinson's rights as alleged herein.

33. Accordingly, Robinson seeks compensatory damages as prayed for below.

## SECOND CAUSE OF ACTION

### (VIOLATION OF 42 U.S.C. § 1983)

### (FIRST AMENDMENT)

34. Robinson realleges and incorporates by reference herein each allegation contained in Paragraphs 1 through 29 of this Second Amended Complaint.

35. Robinson possesses a sincerely held religious belief in a faith mandating adherence to a kosher diet and other Jewish practices.

36. By denying Robinson access to the Kosher Meal Program, SVSP has violated and continues to violate Robinson's free exercise rights under the First Amendment.

37. By denying Robinson access to the chapel and other reasonable accommodations for group worship, SVSP has violated and continues to violate Robinson's free exercise rights under the First Amendment.

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

853657 v1/HN

7.

FOURTH AMENDED COMPLAINT
C02-1538 CW (PR)

38. Defendants have acted, and continue to act, under color of state law to violate Robinson's rights as alleged herein.

39. As a result of SVSP's acts, Robinson has suffered, and if immediate relief is not obtained will continue to suffer, irreparable injury through the denial of a kosher diet and use of chapel facilities that conforms to his religious needs. Accordingly, Robinson seeks injunctive relief as prayed for below.

### THIRD CAUSE OF ACTION
### (VIOLATION OF 42 U.S.C. § 1983)
### (EQUAL PROTECTION)

40. Robinson realleges and incorporates by reference herein each allegation contained in Paragraphs 1 through 39 of this Second Amended Complaint.

41. Pursuant to official written policies, SVSP allows only Jewish inmates to apply for and participate in the Kosher Meal Program. This policy denies similarly situated House of Yahweh members access to the Kosher Meal Program. Accordingly, by denying Robinson access to the Kosher Meal Program, SVSP has violated Robinson's rights under the Equal Protection Clause of the Fourteenth Amendment.

42. SVSP allows prisoners of various religious faiths access to the SVSP chapel for their respective religious services. However, SVSP has denied House of Yahweh members access to the chapel or other reasonable accommodations for group worship. Accordingly, SVSP has violated Robinson's rights under the Equal Protection Clause of the Fourteenth Amendment.

43. Defendants have acted, and continue to act, under color of state law to violate Robinson's rights as alleged herein.

44. As a result of SVSP's acts, as supervised by Defendants Tilton, Evans, and LaMarque, Robinson has suffered, and if immediate relief is not obtained will continue to suffer, irreparable injury through the denial of a kosher diet that conforms to his religious needs, and the separate denial of access to the chapel or other reasonable accommodations for group worship. Accordingly, Robinson seeks injunctive relief as prayed for below.

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

853657 v1/HN

8.

**FOURTH AMENDED COMPLAINT**
**C02-1538 CW (PR)**

## FOURTH CAUSE OF ACTION

### (VIOLATION OF 42 U.S.C. § 2000CC *ET SEQ.*)

### (RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSON ACT)

45. Robinson realleges and incorporates by reference herein each allegation contained in Paragraphs 1 through 44 of this Second Amended Complaint.

46. Robinson has standing to allege violations of his rights to exercise his religion pursuant to the federal Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, *et seq.*

47. Robinson is informed and believes, and on that basis alleges, that SVSP receives Federal financial assistance.

48. SVSP has imposed a substantial burden on Robinson's ability to exercise his religion by failing to provide Robinson access to the Kosher Meal Program.

49. SVSP has imposed a substantial burden on Robinson's ability to exercise his religion by failing to provide Robinson access to the SVSP chapel or other reasonable accommodations for group worship.

50. SVSP's actions are not in furtherance of a compelling government interest, and, even if they were, SVSP's actions are not the least restrictive means of furthering such compelling government interest.

51. Accordingly, SVSP's acts violate 42 U.S.C. § 2000cc *et seq.*

52. As a result of SVSP's acts, as supervised by Defendants Tilton, Evans, and LaMarque, Robinson has suffered, and if immediate relief is not obtained will continue to suffer, irreparable injury through the denial of a kosher diet that conforms to his religious needs, and the separate denial of access to the chapel or other reasonable accommodations for group worship. Accordingly, Robinson seeks injunctive relief as prayed for below.

## PRAYER FOR RELIEF

**WHEREFORE,** Robinson prays for relief as follows:

1. For compensatory damages to redress the excessive force used on Robinson in violation of the Eighth Amendment;

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

853657 v1/HN

9.

FOURTH AMENDED COMPLAINT
C02-1538 CW (PR)

2. For punitive damages in connection with defendants Olivarria and Delgado's malicious and sadistic use of excessive force;

3. For injunctive relief to provide Robinson with a kosher diet pursuant to the Kosher Meal Program;

4. For injunctive relief to provide Robinson access to the chapel for group worship or other reasonable accommodations for group worship by House of Yahweh adherents;

5. For reasonable attorney's fees and costs incurred in bringing this action; and

6. For such other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment of the Constitution and Federal Rule of Civil Procedure 38, Robinson demands a trial by jury of all the claims herein so triable.

Dated: May 10, 2010         COOLEY LLP


         */s/ Angela L. Dunning*
         Angela L. Dunning (212047)

         Attorneys for Plaintiff
         ANTHONY L. ROBINSON

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

853657 v1/HN

10.

FOURTH AMENDED COMPLAINT
C02-1538 CW (PR)