**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

ANTHONY L. ROBINSON,

    Plaintiff,

  v.

ROGELIO DELGADO, et al.,

    Defendants.

No. CV 02-1538 NJV

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW AS COUNSEL OF RECORD**

This matter is before the Court on Plaintiff's counsel's Motion to Withdraw as Counsel of Record ("Motion"). (Docket Nos. 304-306, 309.) The Court takes the Motion under submission without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated herein, the Court will DENY the Motion WITHOUT PREJUDICE.

**I. BACKGROUND**

Plaintiff initiated this case on March 29, 2002 with the filing of his *pro se* complaint alleging several causes of action under 42 U.S.C. § 1983. (Docket No. 1.) In September of 2007, the Court referred Plaintiff to the Federal Pro Bono Project and appointed Cooley LLP as pro bono counsel for Plaintiff. (Docket Nos. 111-112.) Various attorneys at Cooley LLP represented Plaintiff from September 2007 through a five-day jury trial that concluded on May 14, 2010 and resulted in Plaintiff prevailing on some of his claims. (Docket Nos. 265-266, 268.) Subsequently, Cooley LLP appeared on Plaintiff's behalf at post-trial proceedings on June 10, 2010. Counsel also drafted and

filed the vast majority of Plaintiff's substantive post-trial submissions, which are set to be heard by the Court on August 19, 2010.  (Docket Nos. 275, 278-280, 287-89, 290, and 296-99.)

Since the conclusion of trial and in the context of post-trial motion practice, Plaintiff has been less than cooperative with his counsel.  Specifically, Plaintiff filed a number of post-trial submissions without consulting or informing his counsel.  (Docket Nos. 271-272.)  Counsel unsuccessfully attempted to withdraw those submissions (with Plaintiff's consent), and they now form the basis for Defendants' motion for relief from judgment and for a new trial.  (Docket No. 281.)  In addition, one of Plaintiff's post-trial submissions has expressly contradicted the positions take by his counsel on his behalf.  (Docket No. 300.)  However, Plaintiff has subsequently retracted some of those contradictory positions and asked the Court to treat the others as supplements to the pleadings filed by his counsel.   (Docket No. 312.)

On August 3, 2010, Cooley LLP filed its Motion pursuant to Civil Local Rule 11-5(a), citing both the development of irreconcilable differences and a breakdown in communication between Plaintiff and his counsel, which counsel asserts have made it impossible to effectively carry out the representation.  (Docket No. 304.)  Plaintiff has consented to Cooley LLP's withdrawal.  (Docket No. 305).  However, Plaintiff has since consented to his trial counsel, Angela Dunning of Cooley LLP, representing him at the August 19, 2010 post-trial motion hearing.  Pl.'s Mot. to Appear via Video at ¶ 7, Docket No. 312.

## II. DISCUSSION

"Counsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civil Local Rule 11-5(b).  The decision to permit counsel to withdraw is within the sound discretion of the trial court. *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir.1998).  Civil Local Rule 11-4(a)(1) requires compliance with the standards of professional conduct required of members of the State Bar of California.  Civil Local Rule 11-4(a)(1); *see also Elan Transdermal Ltd. v. Cygnus Therapeutic Sys.*, 809 F.Supp. 1383, 1387 (N.D.Cal. 1992).  California Rule of

Professional Conduct 3-700 states:

> A member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with Rule 3-700(D) [which addresses the disposition of client papers and property], and complying with applicable laws and rules.

Cal. Rules of Prof'l Conduct R. 3-700(A)(2).

When addressing a motion to withdraw, the consent of the client is not dispositive. *See CE Resource, Inc. v. Magellan Group, LLC*, 2009 WL 3367489, at *2 (E.D.Cal. Oct. 14, 2009). Courts look at several factors, including the reasons counsel seeks to withdraw; the possible prejudice that withdrawal may cause to other litigants; the harm that withdrawal might cause to the administration of justice; and the extent to which withdrawal will delay resolution of the case. *Id.* (citing *Canandaigua Wine Co. v. Moldauer*, 2009 WL 89141, at *1 (E.D.Cal. Jan. 14, 2009); *Beard v. Shuttermart of California, Inc.*, 2008 WL 410694, at *2 (S.D.Cal. Feb. 13, 2008). Ultimately, a ruling on a motion to withdraw "must involve a balancing of the equities." *CE Resource, Inc.*, 2009 WL 3367489, at *2.

The court had previously determined that the nature of Plaintiff's claims justified the appointment of counsel to represent him on a pro bono basis. (Docket No. 111) Plaintiff is in prison, which raises concerns about his ability to effectively prosecute his case that would not be present with a *pro se* litigant who is not incarcerated. Plaintiff has also stated in his post-trial filings that he is mentally ill. (Docket No. 262, at 6.) Given both the substance and the timing of the upcoming post-trial proceedings, the Court is not convinced that Plaintiff can competently represent himself in those proceedings.

The present case has been pending for over eight years and is now in its final stages. Counsel's motion to withdraw was filed sixteen days before a hearing on numerous substantive post-trial motions. Due to the fact of Plaintiff's incarceration, it is unlikely they he would be able to retain substitute counsel in a timely manner, if at all. Even if substitute counsel was appointed for Plaintiff, there would be a substantial delay in the resolution of this matter due to the fact that such counsel would need to become familiar with the entire case file (consisting of over 310 filings) and the evidence presented at trial. Such a delay at this late stage of the proceedings (i.e., on the eve of

3

what may very well be the final hearing in the matter) would unduly prejudice Plaintiff and Defendants and harm the administration of justice, particularly in light of the fact that Cooley LLP is already intimately familiar with the facts of the case, the evidence presented at trial, and the substance of the post-trial motions.

Because this litigation is in its final stages and it would be very difficult for Plaintiff to obtain new counsel in a timely manner, the risk of prejudice to Plaintiff is substantial. *Cf. McNally v. Eye Dog Foundation for the Blind, Inc.*, 2010 WL 1687657, at *2 (E.D.Cal. April 26, 2010). Although the Court believes that counsel has set forth legitimate reasons for their request to withdraw and provided Plaintiff with notice thereof, the Court finds that such withdrawal cannot be effectuated in accordance with the requirements of the California Rules of Professional Conduct prior to the upcoming post-trial motion hearing.

### III. CONCLUSION

Acknowledging the difficult position in which Plaintiff's actions have placed his counsel, the Court is unable to conclude that it can reasonably permit counsel to withdraw at this point in the litigation. The Court therefore DENIES Cooley LLP's motion to withdraw as counsel of record without prejudice. The Court further orders that Cooley LLP will be relieved as counsel upon the resolution of the post-trial motions and the filing, if appropriate, of a notice of appeal.

**IT IS SO ORDERED.**

Dated: August 18, 2010

NANDOR J. VADAS
United States Magistrate Judge