UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| ANTHONY L. ROBINSON, | No. 1:02-CV-01538 NJV |
| Plaintiff, | ORDER RE MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO 42 U.S.C. § 1988(b). (Doc. No. 319) |
| v. | |
| ROGELIO DELGADO, *et al*, | |
| Defendants. | |

This is a prisoner civil rights action pursuant to 42 U.S.C. § 1983 which proceeded to trial on May 10, 2010, before the undersigned. A jury verdict was entered on May 17, 2010, and the case is now before the Court on Plaintiff's motion for attorneys' fees and costs. As set forth below, the Court will grant Plaintiff's motion.

**BACKGROUND**

Plaintiff is a prisoner serving a sentence of twenty-three years to life for second degree murder with a firearm, with enhancements for being a habitual criminal. During his incarceration, Plaintiff became a member of the House of Yahweh Yadhaim ("HOYY"). After joining HOYY, Plaintiff filed numerous inmate appeals regarding his right to free exercise of his religion under the First Amendment, which form the basis for Plaintiff's claim against Defendants Cate and Hedgpeth. Plaintiff's claim against Defendants Delgado and Olivarria arises from a physical altercation that occurred on March 25, 2001, as they were escorting Plaintiff to and from a prison visitor center.

Plaintiff's original complaint, which was filed *pro se*, alleged eleven causes of action against ninety-two defendants. The Court appointed counsel to represent Plaintiff on September 18, 2007. (Docket No. 112.) Eventually, two claims remained in the case: (1) an Eighth Amendment

excessive force claim against Defendants Delgado and Olivarria, which arose from the March 25, 2001 altercation; and (2) a claim against Defendants Cate and Hedgpeth under the First Amendment, the equal protection clause of the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") based on Defendants' failure to provide Plaintiff with a kosher diet or access to the prison chapel for group worship. Defendants moved to dismiss, or for summary judgment on, these claims on June 18, 2008. (Docket No. 157.) On August 6, 2008, Judge Wilken dismissed Plaintiff's claims against Defendants Cate and Hedgpeth in their individual capacities and denied the remainder of Defendants' motion to dismiss and for summary judgment. (Docket No. 173).

On February 23, 2010, Defendants moved for summary judgment on Plaintiff's First Amendment religious diet claim, his RLUIPA claim, and his First Amendment equal protection claim. (Docket No. 231.) Defendants also moved for dismissal of Plaintiff's injunctive relief claims against Defendant Hedgpeth, Warden of Salinas Valley State Prison, where Plaintiff was incarcerated until June 3, 2008. *Id*. Plaintiff opposed the motion for summary judgment, but did not oppose the dismissal of the injunctive relief claims against Defendant Hedgpeth. (Docket No. 236.) On April 19, 2010, the Court denied Defendants' motion for summary judgment and dismissed Plaintiff's claims against Defendant Hedgpeth without prejudice. (Docket No. 243.)

This case proceeded to trial on May 10, 2010, in San Francisco. After five days of trial, the jury reached a verdict on May 17, 2010, finding as follows: (1) for Defendants Delgado and Olivarria as to the claim of excessive force in violation of the Eighth Amendment arising from the incident on March 25, 2001; (2) for Defendant Delgado as to the claim of failure to protect under the Eighth Amendment arising from the incident on March 25, 2001; (3) in favor of Defendant Cate as to the claims for group worship and access to the prison chapel on Plaintiff's Sabbath and religious feast days under the First Amendment, the equal protection clause of the Fourteenth Amendment, and RLUIPA; and (4) in favor of Plaintiff as to the claim that Plaintiff be provided with the same kosher meals as those provided to kosher-observant Jewish inmates under the First Amendment, the equal protection clause of the Fourteenth Amendment, and RLUIPA. (Docket No. 266).

2

In particular, the jury found that Plaintiff had met his burden of establishing by a preponderance of the evidence that:

(1) His sincerely held religious beliefs require him to abide by certain dietary restrictions (*id*., Question Nos. 11, 27);

(2) Cate "continues to deny Plaintiff a diet that satisfies the requirements of his sincerely held religious beliefs" (*id*., Question Nos. 12, 28);

(3) Such refusal constitutes both "substantial interference with Plaintiff's sincerely held religious beliefs" (*id*., Question No. 13) and a "substantial burden on Plaintiff's exercise of religion" (*id*., Question No. 29);

(4) Robinson is "similarly-situated to kosher-observant Jewish inmates" with regard to his request for a diet that satisfies the requirements of his sincerely held religious beliefs" (*id*., Question No. 19);

(5) Cate is "treating Plaintiff differently from kosher-observant Jewish inmates" by refusing to provide him with such a diet (*id*., Question No. 20); and

(6) Cate's disparate treatment of Robinson constitutes intentional discrimination (*id*., Question No. 21).

The jury further found that Cate's refusal to provide Robinson with a diet consist with his religious beliefs was neither "justified by a compelling government interest" (*id*., Question No. 30) nor reasonably related to any legitimate penological interests (*id*., Question Nos. 12, 28). The jury thus found for Plaintiff on all three kosher diet claims: the claims under the First Amendment, the Fourteenth Amendment, and RLUIPA.

On August 31, 2010, the Court entered a permanent injunction, providing in pertinent part that as follows:

> Defendant Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation, and his agents and all persons in active concert or participating with any of them who receive actual notice of this Order and Permanent Injunction, are hereby and immediately and permanently ordered to permit Plaintiff to participate in the CDCR's Jewish Kosher Meal Program on the same terms and conditions as kosher-observant Jewish inmates and without regard to the fact that Plaintiff is not a kosher-observant Jew.

(Docket No. 316, p. 19.)

Plaintiff now seeks attorneys' fees and costs incurred in prosecuting his kosher diet and chapel access claims. He argues that he is the prevailing party and that his counsel should be fully compensated even though he did not prevail on all claims. He also seeks an award of costs. Defendants oppose the motion.

## LEGAL STANDARD

Pursuant to 42 U.S.C. § 1988(b) a prevailing party in an action brought under certain enumerated statutes, including 42 U.S.C. § 1983 and RLUIPA, is generally entitled to attorneys' fees. "The purpose of § 1988 is to ensure effective access to the judicial process for persons with civil rights grievances." *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S.Ct. 1933, 1937 (1983) (citation and internal quotations omitted). "Accordingly, a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Id*. (citation and internal quotations omitted).

"In order to qualify as a prevailing party, a plaintiff must have succeeded on the merits of at least some of its claims." *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1489 (9th Cir. 1995). "In short, a plaintiff 'prevails' when actual relief of the merits of [the plaintiff's] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111-12, 113 S.Ct. 566, 573 (1992). "Success is [also] measured . . . in terms of the significance of the legal issue on which the plaintiff prevailed and the public purpose the litigation served." *Morales v. City of San Rafael*, 96 F.3d 359, 365 (9th Cir. 1996), *amended by* 108 F.3d 981 (9th Cir. 1997) (order). The Ninth Circuit has expressly held that the award of injunctive relief was sufficient to support an award of attorneys' fees where the plaintiffs primarily requested injunctive relief and were for the most part successful in obtaining the relief they sought. *Friend v. Kolodzieczak*, 72 F.3d 1386,1390 (9th Cir. 1995) (finding that where the plaintiffs had sought and received expanded access to Roman Catholic services and sacraments, and gained explicit, written acknowledgment of the right to at least limited use of rosaries and scapulars, the outcome of the lawsuit materially altered the legal relationship between the parties in a manner that was meaningful and substantial so as to support an award of attorneys' fees).

//

4

**DISCUSSION**

**A.     FRCP Rule 68 Offer**

Defendants initially contend that rejection of their Rule 68 offer bars Plaintiff from recovering attorneys' fees and costs incurred after the offer was made. Defendants rely on the fact that on October 5, 2007, they extended an offer of judgment under Rule 68 in the amount of $250. (Docket No. 115; Decl. Mossler, ¶ 2, Ex. A.) The offer was rejected on October 25, 2007. *Id*. Defendants argue that Plaintiff's counsel's rejection of their offer under Rule 68 bars counsel from recovery of attorneys' fees and costs incurred after October 5, 2007, and obligates them to pay the costs incurred by Defendants from that date as reflected in Defendants' bill of costs filed June 2, 2010. (Docket No. 274).

Pursuant to Rule 68(d), "[a] plaintiff that rejects a Rule 68 offer in excess of judgment ultimately obtained at trial must bear its own and the defendant's post-offer costs." *Champion Produce, Inc. v. Ruby Robinson Co., Inc.,* 342 F.3d 1016, 1026 (9th Cir. 2003), *citing Haworth v. Nevada*, 56 F.3d 1048, 1052 (9th Cir. 1995). The Supreme Court has construed Rule 68 "costs" to include § 1983 attorneys' fees. *Marek v. Chesny*, 473 U.S. 1, 9, 105 S.Ct. 3012, 3016 (1985); *Champion,* 342 F.3d at 1026-27.

In response to Defendants' contention that his request for attorneys' fees and costs is barred, Plaintiff argues that Defendants' reliance on Rule 68 is misplaced. Plaintiff is seeking to recover from Defendant Cate only the fees and costs incurred in connection with his kosher diet and chapel access claims. Those claims were added back into the lawsuit in the third amended complaint filed April 14, 2008, after Judge Wilken granted Plaintiff leave to amend. (Docket Nos.143,144.) Plaintiff contends that the fact that he rejected a Rule 68 offer of $250 made in 2007 by entirely different defendants (Olivarria and Delgado), on an entirely different claim (excessive force), at a time when the kosher diet and chapel access claims were not part of the lawsuit, is not pertinent to the present motion for attorneys' fees. Plaintiff stresses that neither Defendant Cate nor any of his predecessors at the California Department of Corrections and Rehabilitation ("CDCR") ever made a Rule 68 offer in connection with the kosher diet or chapel access claims. Plaintiff thus argues that Defendant Cate's

Rule 68 arguments that he is not entitled to attorneys' fees and costs, and must pay Defendants' costs, are without merit.

Defendants have presented no authority to the Court supporting the application of Rule 68(d) to a case involving a chronology such as is presented here. The Court finds that to apply Rule 68(d) to the present case would do nothing to advance the purposes of Rule 68, which is to eliminate the need for trial on issues that can otherwise be resolved through an offer of judgment. Here, although an offer of judgment was rejected, no attorneys' fees or costs are sought in connection with claims that could have been resolved through that offer. Further, to apply Rule 68(d) to the present case would be to greatly expand its application and might very well discourage future counsel from taking such cases. This would be contrary to the express purpose of § 1988, which is to ensure access to the judicial process to civil rights claimants such as Plaintiff. Accordingly, the Court rejects Defendants' contention that Rule 68 bars Plaintiff's counsel from recovering fees and costs incurred after October 5, 2007.

**B.     Hourly Rate**

In his moving papers, Plaintiff requests attorneys' fees in the amount of $435,819.00, presenting billing records and pertinent declarations to support his request and explain how this figure was calculated. Plaintiff provides tables showing the hours expended on the case by various legal professionals and the hourly rate for each attorney. He states that the hourly rates billed were the standard rates used by the Cooley firm for each of the years in question.

In their opposition to Plaintiff's motion, Defendants correctly argue that because he is a state prisoner, Plaintiff's suit is governed by the Prison Litigation Reform Act ("PLRA"). The PLRA limits the hourly rate that attorneys may recover for civil rights work done on behalf of prisoners. 42 U.S.C. § 1997e(d)(3). Under the PLRA, the Court is "prohibit[ed] . . . from awarding fees at an hourly rate 'greater than 150 percent of the hourly rate established under section 3006A of Title 18, for payment of court-appointed counsel." *Webb v. Ada County*, 285 F.3d 829, 838 (9th Cir. 2002). Section 3006A is the statute which requires each United States district court to implement a plan for furnishing representation for any person financially unable to obtain adequate representation.

6

In his reply, Plaintiff acknowledges the statutory cap on attorneys' fees set forth in the PLRA, and recalculates his requested fee based on the published CJA rate on the Northern District of California's website. He provides a revised table showing the hours expended on the case and requests a total attorneys' fee award of $220,791.00, which he asserts is roughly 20 percent of the total fees Cooley incurred.

**C. Reduction in Fees Based on Limited Success**

Defendants contend that any attorneys' fees awarded in this case must be proportionately reduced to reflect the difference between the relief originally sought and the relief ultimately obtained. They argue that Plaintiff may not recover on his group worship and chapel access claims, because these unsuccessful claims were entirely separate from Plaintiff's successful kosher diet claims. They also argue that any attorneys' fees must be adjusted proportionately to reflect Plaintiff's limited success in his case as a whole.

Where the plaintiff is successful on only some claims, the court must determine whether the successful and unsuccessful claims were related. *See Tutor - Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1063 (9th Cir. 2006); *Dang v. Cross*, 422 F.3d 800, 812-13 (9th Cir. 2005); *O'Neill v. City of Seattle*, 66 F.3d 1064, 1068 (9th Cir. 1995). If the claims are unrelated, then the fee award should not include time spent on unsuccessful claims; if the claims are related, "then the court must . . . [determine] the 'significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended.'" *O'Neill*, 66 F.3d at 1068-69 (citations omitted); *see also Webb v. Sloan*, 330 F.3d 1158, 1168 (9th Cir. 2003). "Claims are related where they involve 'a common core of facts' or are 'based on related legal theories.'" '[T]he test is whether relief sought on the unsuccessful claim is intended to remedy a course of conduct entirely distinct and separate from the course of conduct that gave rise to the injury upon which the relief is premised.'" *O'Neill*, 66 F.3d at 1069 (quoting *Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1499 (9th Cir. 1995)); *see also Thomas v. City of Tacoma*, 410 F.3d 644, 649 (9th Cir. 2005); *Webb,* 330 F.3d at 1168-69.

In response to Defendants' arguments, Plaintiff first contends that he is entitled to recover attorneys' fees in connection with the chapel access claims despite the fact that they were unsuccessful. Plaintiff argues that the kosher diet and chapel access claims were based on the same

7

legal theories, required the same legal research, and involved significant overlap of documentary and testimonial evidence. He concludes that the claims are thus related and should not be segregated for the purposes of determining attorneys' fees. *See Mendez v. County of San Bernadino*, 540 F.3d 1109, 1125-26 (9th Cir. 2008) ("plaintiff is entitled to recover attorney's fees even for claims on which she did not prevail, if they 'involve a common core of facts or are based on related legal theories.'") (*quoting Thomas v. City of Tacoma*, 410 F.3d at 647). The Court must agree with Plaintiff that the chapel access claims and kosher diet claims arose out of the same core facts, *i.e.*, CDCR's refusal to provide religious accommodation to Plaintiff. Further, to a large extent, these claims are based on the same legal theories. Accordingly, the Court finds that the chapel access claims and kosher diet claims are related within the meaning of *Tutor-Saliba*.

Defendants rely on *Kimbrough v. California*, 609 F.3d 1027 (9th Cir. 2010), for the proposition that Plaintiff is not entitled to an award of attorneys' fees and costs on his chapel access claims, because he did not prevail on those claims. In *Kimbrough*, a prisoner brought a civil rights action alleging that prison grooming regulations interfered with his First Amendment right to free exercise of religion. Before the matter could be resolved on the merits, the prisoner was released and the case was dismissed as moot. The district court subsequently granted Plaintiff's motion for attorneys' fees. On appeal, the Ninth Circuit reversed, finding that the prisoner was not entitled to attorneys' fees under the PLRA, "because he never established an actual violation of a right pursuant to which a fee may be awarded under § 1988." *Id*. at 1033 (citing *Siripongs v. Davis*, 282 F.3d 755, 758 (9th Cir. 2002)).

The Court finds *Kimbrough* clearly distinguishable on the facts from the present case, in which Plaintiff *did* establish a violation of a Constitutional right. Having found the chapel access claims and kosher diet claims related within the meaning of *Tutor-Saliba,* the Court rejects Defendants' contention that Plaintiff should be precluded from receiving attorneys' fees in connection with his chapel access claims.

Second, in response to Defendants' argument that any attorneys' fees must be adjusted proportionately to reflect his limited success, Plaintiff contends that his success on the case was significant and warrants an appropriate attorneys' fee award. He argues that he prevailed on three of

8

his kosher diet claims and was only unsuccessful on his chapel access and excessive force claims.  He further argues that as a result of the jury verdict and subsequent injunction entered by this Court, the CDCR is obligated to provide him with a kosher diet and there is now judicial precedent that the CDCR may not discriminate against members of the HOYY by refusing to provide appropriate dietary accommodations.

The United States Supreme Court explained in *Texas State Teachers Ass'n*, 489 U.S. 782, 789-90, 109 S.Ct.1486, 492 (1989) (citing *Hensley v. Exkerhart*, 461 U.S. at 434, 103 S.Ct. at 1940) that in conducting a proportionality review, "the district courts should exercise their equitable discretion in such cases to arrive at a reasonable fee award, *either* by attempting to identify specific hours that should be eliminated *or* by simply reducing the award to account for the limited success of the plaintiff." (Emphasis added.)  Here, Defendants argue that Plaintiff's counsel's practice of block billing makes it impossible to tell precisely how much time was allocated to what they characterize as "the single issue on which Plaintiff prevailed."[1]  In response, Plaintiff contends that Cooley's billing practices provide sufficient detail to make assessments as to which issue each entry applies.  Plaintiff states that he subtracted all non-recoverable fees before submitting his motion, which resulted in the elimination of almost 600 hours.  This is well in excess of the 419 hour reduction sought by Defendants.

As set forth in billing records for this case, submitted with Plaintiff's motion as Exhibit A to the Declaration of Thomas J. Friel, Jr., line-by-line deductions were made to the time entries to eliminate fees for time incurred with respect to the excessive force and failure to protect claims, getting up to speed, duplicative tasks, and general research on trial practice and procedure. (Docket No. 321.)  The Court has examined the billing records provided by Plaintiff and, based on that examination, rejects Defendants' claim that the records make it impossible to identify and allocate time entries to specific issues.  The Court is cognizant of the need under *Hensley,* 461 U.S. at 434, to

---

[1] As set forth above, Plaintiff actually prevailed on three issues related to his kosher diet claim.

cut any attorney hours which are "excessive, redundant, or otherwise unnecessary." Having examined Plaintiff's counsel's records, the Court finds it unnecessary to cut any hours on this basis.[2]

Finally, Defendants argue that Plaintiff's attorneys' fee award should be reduced on the ground that Plaintiff could have achieved a better result, and saved time and money for the taxpayers, Defendants, Defendants' counsel and the Court by accepting Defendants' $250 offer of judgment. Defendants also argue that they should not be forced to defend themselves against "litigious inmates and 'pro bono counsel' who have nothing to lose by pursuing claims for which no constitutional violation can be shown." Opposition, 7:26-27. These arguments ignore the real success achieved at trial, and the value of the vindication of the right to religious freedom guaranteed by the United States Constitution. These arguments are meritless and are rejected by the Court on that basis.

Based on the above, the Court finds the attorneys' fees requested in the amount of $220,791.00 to be proportional to the success achieved in this case.

**D.     Costs**

Plaintiff has filed a separate Bill of Costs for certain taxable costs under Rule 54(d), Federal Rules of Civil Procedure, and Local Rule 54-4. Plaintiff states, however, that those costs do not constitute all the costs and expenses incurred in prosecuting his claims. Plaintiff now seeks reimbursement of a total of $47,482.65 in costs that are not included in his Bill of Costs.

In addition to attorneys' fees, 42 U.S.C. § 1988 explicitly provides for an award of costs to the prevailing party. It is well-established law that attorneys' fees awards can include reimbursement for litigation expenses which are normally billed to fee-paying clients. *Davis v. Mason County*, 927 F.2d 1473, 1487-88 (9th Cir.), cert. denied, 502 U.S. 899, 112 S.Ct. 275 (1991).

The costs for which Plaintiff seeks reimbursement are itemized in Exhibit B to the Friel Declaration. (Document No. 321.) This declaration is signed under penalty of perjury and states that the requested costs represent actual costs paid or billed based on the applicable costs schedule in effect for the years in question, and are costs that the Cooley firm regularly bills its clients. In

---

[2] The Court rejects Defendants' objection to the time billed by Thomas Friel. As set forth in the letter from the Cooley firm agreeing to represent Plaintiff as *pro bono* counsel, Friel has been identified as counsel in this case since September 2007. (Docket # 114.)

10

addition, attached to the declaration is a copy of Cooley's billing records reflecting the actual billing entry for each costs and a detailed listing of the costs for which Robinson seeks recovery.

Defendants object to Plaintiff's request for costs on several bases, none of which the Court finds meritorious. Some of the costs to which Defendants object have not been submitted as recoverable. Others Defendants claim are not recoverable based on case law involving requests for costs under 28 U.S.C. § 1920. *See Hells Canyon Preservation Council v. Forest Serv.*, No. CV-00-755 HU, 2004 WL 1853134 (Aug. 18, 2004, D. Or.), *Stations West, LLC v. Pinnacle Bank of Oregon*, No. 06-1419 KL, 2008 WL 2329219 (June 3, 2008, D. Or.). Section § 1920 limits recoverable costs to those specifically enumerated in the statute, a limitation that is inapplicable to a request for costs by a prevailing party in Section 1983 litigation. Finally, the Court rejects Defendants' claim that the records related to the costs are inadequate because they lack sufficient detail to determine how they are related to the litigation, based on the actual records provided and on the Friel declaration. *See Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (holding that costs which a prevailing § 1983 plaintiff is entitled to recover include, *inter alia*, costs incurred for "postage, investigator, copying costs, hotel bills, meals, messenger service and employment record reproduction.")

Based on the foregoing, the Court will award Plaintiff the requested costs.

**E.    Meet and Confer Requirement**

Defendants contend that Plaintiff's request for attorneys' fees and cost should be denied because he violated his obligation to meet and confer before filing their motion. Specifically, they argue that Plaintiff violated his obligation by failing to provide Defendants' counsel with any documentation concerning his demand before the motion was filed. They also claim that by waiting to confer with opposing counsel until the day the motion was due, Plaintiff's counsel denied Defendants an opportunity to resolve the fee demand before the motion was filed.

Local Rule 54-5, entitled, "Motion for Attorney's Fees," provides in part that, "[c]ounsel for the respective parties must meet and confer for the purpose of resolving all disputed issues relating to attorney's fees before making a motion for award of attorney's fees." In this case, it is undisputed that on September 14, 2010, the same day that Plaintiff's motion for attorneys' fees and costs was filed, Plaintiff's counsel met telephonically with Defendants' counsel in regard to Plaintiff's

11

anticipated motion. Plaintiff has provided a declaration of one his counsel who attended the telephonic meeting, stating that the topics covered included the following: (1) the total fees and costs incurred by Cooley on the matter; (2) the claims Plaintiff was successful on at trial; (3) the fees and costs Plaintiff would be seeking in his anticipated motion; (4) the methodology used to arrive at the amounts to be requested; and (5) Plaintiff's willingness to discuss and consider any reasonable offers Defendants might have with respect to resolving the attorneys' fees and costs issues prior to the hearing. (Docket No. 345.)

Defendants do not point to any requirement in Local Rule 54-5 that the parties meet and confer at any particular time before the filing of a motion, or that the moving party provide any supporting documentation to the opposing party. Nor can they, as no such requirements exist. The Court acknowledges the merit in Defendants' argument that the timing of the parties' telephonic meeting prevented Defense counsel from discussing the demand with her client before the motion was filed. As Defendants argue, Plaintiff's counsel could have sought a stipulation for an extension of time to file their motion, thus allowing Defense counsel to review the documentation and, theoretically, negotiate a settlement. However, Defendants do not argue that Defense counsel made any indication to Plaintiff's counsel that she wished to conduct any such review or negotiate a settlement. Further, in light of the positions taken by Defendants in opposing this motion, it appears extremely unlikely that a settlement could have been reached.

Finding no violation of Local Rule 54-5(a), the Court rejects Defendants' contention that the motion should be denied on that basis.

## CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1) Plaintiff's motion for attorneys' fees and costs is **GRANTED;**
2) Plaintiff is awarded attorneys' fees in the amount of $220,791.00; and
3) Plaintiff is awarded costs in the amount of $47,482.65.

Dated: February 17, 2011

NANDOR J. VADAS
United States Magistrate Judge

12

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

ANTHONY L. ROBINSON,

    Plaintiff,

v.

ROGELIO DELGADO, *et al.*,

    Defendants.

No. 1:02-CV-01538 NJV

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on February 17, 2011, I served a true and correct copy of the attached by placing said copy in a postage paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail.

Anthony L. Robinson
E-91884
California State Prison-SAC
B-1-105
P.O. Box 290066
Represa, CA 95671

Dated: February 17, 2011

          /s/ *Linn Van Meter*
          Linn Van Meter
          Administrative Law Clerk to the
          Honorable Nandor J. Vadas