UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Anthony L. Robinson,

    Plaintiff,

v.

R. Delgado, *et al*.,

    Defendants.

Case No.: 1:02-cv-01538-NJV

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO ENFORCE PERMANENT INJUNCTION**
(Doc. No. 372)

On August 31, 2010, after jury trial, the undersigned entered a permanent injunction in this case, which includes the following terms:

(1) Pursuant to the equitable powers of this Court, Defendant Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation, and his agents and all persons in active concert or participating with any of them who receive actual notice of this Order and Permanent Injunction, are hereby immediately and permanently ordered to permit Plaintiff to participate in the CDCR's Jewish Kosher Meal Program on the same terms and conditions as kosher-observant Jewish inmates and without regard to the fact that Plaintiff is not a kosher-observant Jew.

(2) In the event that any dispute or disagreement arises in the future with respect to Plaintiff's participation in the Jewish Kosher Meal Program, Plaintiff is required to fully exhaust all available administrative remedies before seeking the Court's intervention.

(3) This Court shall retain jurisdiction of this action for all purposes, including without limitation, all proceedings involving the interpretation, enforcement, or amendment of this Order and Permanent Injunction.

Doc. No. 316 at 19.  On September 20, 2010, Robinson filed a notice of appeal (Doc. No. 323), which remains pending in the Ninth Circuit.  On September 28, 2012, Robinson filed a Motion to Enforce Permanent Injunction, in which he informs the court that since his September 5, 2012 transfer to another CDCR facility, he has not been enrolled in the Jewish Kosher Meal Program.  Doc. No. 372.

Although the filing of a notice of appeal generally divests a district court of jurisdiction over the matters appealed (*McClatchy Newspapers v. Central Valley Typographical Union No. 46*, 686 F.2d 731, 734-35 (9th Cir.1982)), the undersigned retains jurisdiction to enforce the injunction under three exceptions to this general rule.  First, the court retains jurisdiction to preserve the *status quo* pending Robinson's appeal.  *See id.; see also Natural Resources Defense Council v. Southwest Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001).  Second, Federal Rule of Civil Procedure 62(c), which is directly on point, provides that "[w]hile an appeal is pending from . . . [a] final judgment that grants . . . an injunction, the court may suspend, modify, restore or grant an injunction on terms for bond or other terms that secure the opposing party's rights."  Third, until its judgment is superseded on appellate review, this court retains jurisdiction to enforce the injunction it entered in this case.  *See Armstrong v. Brown*, 2012 U.S. Dist. LEXIS 122271, *31-*34 (N.D. Cal. Aug. 28, 2012) (enforcing injunction pending appeal).  The undersigned thus retains jurisdiction to enforce the terms of the permanent injunction despite the pending appeal.[1]

At this juncture, however, Robinson's motion must be denied without prejudice.  The permanent injunction requires Robinson to "fully exhaust all available administrative remedies before seeking the Court's intervention."  *See supra*.  In his moving papers, Robinson does not represent that he has "fully exhausted" his administrative remedies.  If Robinson in fact has fully exhausted his administrative remedies, he may file a declaration stating so and the court will

---

[1] In addition, pursuant to Federal Rule of Appellate Procedure 12.1(a), if the undersigned states that he either would grant the motion or that the motion raises a substantial issue, Robinson could notify the circuit clerk of this indicative ruling, and the court of appeals could remand for further proceedings.  As explained above, however, because it is not clear that Robinson has fully exhausted his administrative remedies, the undersigned cannot at this point issue an indicative ruling.

reopen the motion. If Robinson has not fully exhausted his administrative remedies, he must first do so before re-filing his motion.

The undersigned is hopeful that upon being reminded of the terms of the permanent injunction, Defendants will obviate the need for further court involvement by taking appropriate steps to confirm that the new facility at which Robinson is housed obeys the terms of the permanent injunction.

For the foregoing reasons, Plaintiff's Motion To Enforce Permanent Injunction is denied without prejudice.

IT IS SO ORDERED.

Dated: October 4, 2012

_____
Nandor J. Vadas
United States Magistrate Judge