UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| ANTHONY L. ROBINSON,<br>　　　　Plaintiff,<br>　　v.<br>ANTHONY A. LAMARQUE, et al.,<br>　　　　Defendants. | Case No.  02-cv-01538-NJV   (NJV)<br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br>Re: Dkt. No. 391 |

　　　　Pending before the court is Plaintiff's Motion for Reconsideration of the court's order of January 20, 2016, denying his Motion for Enforcement of Trial Court's Order and Permanent Injunction, Commitment for Civil Contempt ("Motion for Enforcement").  (Doc. 388.)  Defendants oppose the motion.  (Doc. 394.)

　　　　The court denied Plaintiff's Motion for Enforcement on the ground "that Plaintiff has failed to comply with the requirement set forth in the court's order of August 31, 2010, that he fully exhaust all administrative remedies before seeking the court's intervention regarding the Kosher Meal Program." (Doc. 388, 2:26-28, 3:1.)  Plaintiff's claims involved alleged refusal by prison authorities to provide him with his court-mandated kosher meals at Corcoran State Prison on May 29, 2015 through late June 2015, and on four dates in October 2015, and also at California Health Care Facility from May 3, 2015, through May 29, 2015.  The court found as follows in regard to Plaintiff's claims:

> Defendants provide the Declaration of A. Pacillas, Appeals Coordinator at California State Prison, Corcoran.  (Doc. 387.)  Pacillas states under penalty of perjury that two days after Plaintiff filed his Motion, Corcoran State Prison received Plaintiff's administrative grievance about kosher meal service in October 2015. (Doc. 387, para. 8.)  At the time of

Pacillas' Declaration on December 17, 2015, Plaintiff's grievance remained at the first level and had not yet been exhausted. *Id*. The grievance therefore had not been exhausted at the time that Plaintiff filed the current motion. Pacillas further states that Plaintiff never exhausted any grievance about Corcoran's kosher meal service in June 2015. (*Id*. at para. 7-10). Finally, Defendants provide the Declaration of A. Infante, Appeals Coordinator at the California Health Care Facility. (Doc. 386.) Infante states under penalty of perjury that Plaintiff did not file any grievance about Kosher meals at California Healthcare Facility in 2015. (*Id.* at 7-9.)

(Doc. 388, 2:13-25.)

"In order to exhaust available administrative remedies within the [California prison] system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections." *McElroy v. Lamarque*, No. C 03-1819 MMC (PR) 2004 WL 287365, at *1 (N.D. Cal. Feb. 6, 2004). In his present Motion for Reconsideration, Plaintiff alleges that he filed an "inmate parolee appeal 602 form" on October 26, 2015, regarding being denied the right to eat three meals a day. He further alleges that he filed a second appeal dated October 28, 2015. Plaintiff however, provides nothing indicating that these appeals were exhausted before he filed his Motion for Enforcement on December 7, 2015. Plaintiff also alleges that he filed several inmate appeal 602s in years preceding the events at issue in Plaintiff's Motion for Enforcement. These 602s are not relevant to events that occurred after they were filed. The court therefore finds no basis for reconsideration of its previous order. *See* F.R.C.P. 60(b)(limiting grounds for reconsideration to (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; or (3) fraud).

Based on the foregoing, Plaintiff's Motion for Reconsideration is HEREBY DENIED.

**IT IS SO ORDERED**.

Dated: March 17, 2016

NANDOR J. VADAS
United States Magistrate Judge